14037

ALFORD v. MARTIN *ET AL.*

(180 S. E., 13)

*Messrs. Mann & Plyler,* for appellant,

212

[redacted]

*Messrs. Love & Thornton,* for respondent, [redacted]

April 8, 1935.

The opinion of the Court was delivered by MR. C. J. RAMAGE, ACTING ASSOCIATE JUSTICE.

The Court approves the result of the decree of Judge Ansel, except as hereinafter indicated, and adds the following in response to the questions made by appellant:

1. The County Judge did not err, as charged by appellant, in failing to hold that Phil N. Martin was the agent of the plaintiff or that, in the circumstances, plaintiff was estopped to deny such agency, she having by her conduct and inaction made it possible for Martin to overreach appellant.

A. This is an action at law, being a money demand and claim and delivery and the findings of Judge Ansel on the facts cannot be reviewed here. The character of an action is determined by the complaint in its main purpose and broad outlines and not merely by allegations that are merely incidental.

B. The portion of the chattel mortgage relating to the question is as follows: "Mortgagor shall have the right to sell any of the property covered by this mortgage in the regular course of business from time to time in the future; that said furniture, when so sold, shall be released and discharged from the lien of this mortgage, and that said lien shall immediately be transferred to, and be a lien upon the proceeds of said sale, and lease contracts received by the seller."

We note that these sales can only be made in the regular course of business, and only furniture, when sold, shall be

released and discharged from the lien of the mortgage. We do not know why this was made a part of the paper. We find it there, and that is sufficient for us.

We see no error here.

2. "Did the trial Judge err in holding that the chattel mortgage given by P. N. Martin personally was valid, and that its record constituted constructive notice to the world, and that the appellant took these lease contracts subject to same, when Martin with the knowledge of the plaintiff was then and thereafter dealing as Banner Furniture Store, and not as P. N. Martin?"

As to this question, there is no decision on the subject by our Supreme Court, nor is there any statute with reference thereto, but it seems well established by text-writers and in encyclopedias of law that any personal property which is capable of being sold may be the subject of a mortgage. This, of course, will mean that a mortgage may be given on a mortgage. The important question here, however, is whether or not the recording of a mortgage on a mortgage will be notice to any subsequent purchaser.

It seems to us that in the sale of personal property which may be transferred by assignment and delivery, it would be an intolerable burden to require a prospective purchaser or assignee to search the records to find out whether or not such papers were covered by a chattel mortgage. While a mortgage on a mortgage is good as between the parties, the recording of such mortgage would not be notice to purchasers or assignees, ordinarily. Papers capable of being assigned by indorsement pass by such indorsement, and recording of assignment of real estate mortgages is provided for by Section 8881 of our Code.

In the present case, however, the assignor of the chattel mortgages was carrying on a furniture business in the course of which he acquired a number of chattel mortgages on furniture sold on credit. He took a large batch of these papers to the appellant in this case and sold them at 35 per

cent. of their value. This, in itself, should have been enough to put the appellant on inquiry. To buy a large batch of chattel mortgages from a going concern at such a discount seems to be sufficient to have made the appellant look further and see if the stock of goods was mortgaged. If he had done so, he would have found that the stock of goods was mortgaged, and that the mortgage provided that it should cover all papers taken on furniture on credit.

For the foregoing reasons, we find no error, under the peculiar facts of this case, in the second ground or question of the appellant.

3. "Did the Court err in holding that the Banner Furniture Store by P. N. Martin had no authority to sell the lease contracts to appellant?"

This matter has already been disposed of by what has been said above.

4. "Did the Court err in not allowing credit for the purchase price paid by appellant, and the reasonable expense of making installment collections on said chattel papers so purchased by the appellant?"

We think that this contention of the appellant is correct so far as it relates to a credit being allowed for the purchase price paid for the chattel mortgages and papers; and the Master is hereby directed, on the accounting to be had before him as ordered by the trial Judge, to allow Hall Bros. & Co., the appellant herein, credit for the purchase price paid by it for the said chattel mortgages and papers. In every other respect, we think Judge Ansel was eminently correct in the result of his decree.

The judgment of the Court below is modified in the respect named, and, as so modified, is affirmed.

Mr. Chief Justice Stabler, Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice E. C. Dennis concur.