18625

AIRFARE, INC., Appellant, v. GREENVILLE AIRPORT
COMMISSION, Respondent

(153 S. E. (2d) 846)

*Messrs. Smith & Moore* and *William W. Doar, Jr.,* of Georgetown, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann* and *Love, Thornton, Arnold & Thomason,* all of Greenville, *for Respondent,*

March 28, 1967.

Moss, Chief Justice.

Airfare, Inc., the appellant herein, and Greenville Airport Commission, the respondent herein, on October 8, 1963, entered into a written agreement or contract, whereby the respondent leased to the appellant for a term of ten years

certain Airport property and facilities, including a portion of the Terminal Building, which property is generally known as "The Greenville Downtown Airport."

The appellant, by its complaint, alleges that as a result of various acts on the part of the respondent, the aforesaid lease agreement was breached, and asked for actual damages for said breach in the sum of Seventy-five Thousand & 00/100 ($75,000.00) Dollars and, in addition, seeks to enjoin the respondent, its officers and agents, from further acts of interference with appellant's use of the leased premises. It is alleged in the complaint, that the aforesaid lease is in full force and effect and that the respondent has committed various wrongful acts in violation thereof, as follows: (a) in notifying the appellant and its subtenants that the aforesaid lease has been cancelled, and directing the appellants and its subtenants to vacate the leased premises; (b) advising prospective subtenants of the appellant that the lease has been cancelled; (c) in attempting to negotiate with one of appellant's competitors a lease of a portion of certain premises presently under lease to the appellant; and (d) in requiring of the subtenants of the appellant conditions contrary to the terms of the aforesaid lease. It is then alleged that because of the acts of the respondent, the appellant has been deprived of the peaceful and quiet occupancy and enjoyment of said leased premises to which it is lawfully entitled and, in paragraph 5, it is alleged as a direct result of the above mentioned acts, the appellant's business operations have been disrupted and discontinued, thereby causing it a loss of profits.

The respondent made a motion: (1) to require the appellant to make an election as to whether it was proceeding *ex contractu* or *ex delicto;* (2) to refer this case to the Master in Equity for Greenville County for trial; and (3) to require the appellant to make paragraph 5 of its complaint more definite and certain by alleging the nature of its damages, including allegations as to the manner in which its business operations were allegedly disrupted and discon-

tinued, specifying dates and nature of such occurrences and by further alleging the amount of any alleged loss of profits. This motion came on for hearing before The Honorable Frank Eppes, Resident Judge of the Thirteenth Circuit. At that hearing the appellant conceded that it was proceeding *ex contractu.* It resisted the motion of the appellant requiring the complaint to be made more definite and certain and to refer this case to the Master in Equity for Greenville County for trial. The trial judge granted the motion referring the case to the Master in Equity for Greenville County for trial and requiring the appellant to make paragraph 5 of its complaint more definite and certain. The case is here on appeal from the order of the circuit judge, (1) requiring it to make its complaint more definite and certain, and (2) referring this case to the Master in Equity for Greenville County for trial.

The circuit judge has a wide discretion in passing on a motion, under Section 10-606 of the Code, to make a complaint more definite and certain. The cited section invests the circuit court with power to order such amendment when the allegations of the pleading are so indefinite or uncertain that the precise nature of the charge is not apparent, and large discretion must necessarily be allowed and the court's action will not be disturbed except in a case where it clearly appears that the appellant has been prejudiced. *Seegars v. WIS-TV,* 236 S. C. 355, 114 S. E. (2d) 502. We find no abuse in discretion on the part of the lower court in requiring the appellant to specify the manner in which its business operations have been disrupted and discontinued and the dates and nature of such occurrences, including the amount of any alleged loss of profits, nor does it appear that appellant would be prejudiced thereby. We think the matters complained of are indefinite and uncertain and it was proper that the appellant be required to make them more definite and certain.

The only other question for determination is whether the trial judge erred in granting a compulsory order of reference. Section 10-1402 of the Code provides

for a compulsory order of reference: (1) in all equitable actions and of equitable issues in actions at law; (2) when the taking of an account shall be necessary for the information of the court, before judgment, or for carrying a judgment or order into effect. Section 10-1403 of the Code provides that the order of reference in an equitable action or of an equitable issue in an action at law may be general of all issues of both law and fact but this section shall not be construed so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by jury as a matter of right.

Under our Code practice legal and equitable issues and rights may be asserted in the same complaint, and legal and equitable remedies and relief afforded in the same action. In such event the legal issues are for determination by the jury, and the equitable issues for the judge sitting as a chancellor. The legal and equitable issues should be separted and each tried by the appropriate branch of the court. *Standard Warehouse Co. v. A. C. L. R. Co.*, 222 S. C. 93, 71 S. E. (2d) 893; *Winter v. U. S. F. & G. Co.*, 240 S. C. 561, 126 S. E. (2d) 724.

An action for damages for a breach of contract is an action at law and either party has the right of trial by jury. *Givens v. North Augusta Electric & Improvement Co.*, 91 S. C. 417, 74 S. E. 1067; *DePass v. Piedmont Interstate Fair Ass'n.*, 217 S. C. 38, 59 S. E. (2d) 495. An action for relief by way of injunction is equitable. *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873.

Assuming the allegations of the complaint to be true, only one primary right of the appellant has been alleged to have been violated; that is the right to have the terms of the contract complied with, and the wrong complained of is the noncompliance or breach of the contract by the respondent. The main purpose of the action is to secure money damages for the breach of the contract and, secondarily, to prevent further breaches of the contract. It is readily apparent that no account is involved in this action and since the main purpose of the action is to secure money damages, such

was not compulsorily referable under Section 10-1402 of the Code. The appellant, therefore, was entitled to a trial by jury as a matter of right upon the cause of action for damages set forth in its complaint. In the present case it seems clear that the logical course was to try the legal issue first, since if the facts do not show a breach of the contract in question and warrants a verdict for damages in favor of the appellant, it would not be entitled to an injunction in equity. If, however, the appellant succeeds in its action at law, thereafter the judge sitting as a chancellor, or by reference, could determine whether the appellant was entitled to any relief by way of injunction. It is our conclusion that the trial judge was in error in granting a compulsory order of reference in this case.

Affirmed in part and reversed in part.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.