## 19008

W. B. NORWOOD, Appellant, v. Margaret S. BRYANT, Respondent.

(172 S. E. (2d) 108)

*C. W. Derrick, Esq.,* of *Derrick & Derrick,* of Marion, *for Appellant,* cites:

*W. B. Norton, Jr., Esq.,* of *Norton & Norton,* of Marion, *for Respondent,*

January 29, 1970.

LEWIS, Justice.

Plaintiff and defendant own adjacent tracts of land and this action involves a dispute as to the correct boundary line between them. The appeal is from an order of the lower court overruling a demurrer to a counterclaim interposed by defendant, and refusing to refer the cause to the master in equity to determine the issues.

Upon the service of the complaint, defendant filed an answer which contained a counterclaim for damages allegedly sustained from trespasses committed by plaintiff on the lands of the defendant. Plaintiff demurred to the counterclaim upon the ground that it did not state a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, within the meaning of Section 10-703 of the 1962 Code of Laws. Plaintiff also moved for an order referring the cause to the master in equity for determination, upon the ground that only equitable issues were involved. The lower court held that the counterclaim for damages for trespass to the land was available to the defendant in this action and overruled the demurrer. The conclusion was also reached that the issue of the title to real estate was involved, upon which the parties were entitled to a jury trial, and the motion for a general order of reference was refused. Plaintiff has appealed from these adverse rulings.

Two questions are presented for decision, to-wit:

(1) Was the counterclaim for damages for trespass available to defendant in this action; and

(2) Was the title to real estate involved in the cause?

Under the provisions of Section 10-703, 1962 Code of Laws, the demurrer was properly overruled if defendant's counter-claim for damages for trespass stated "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."

Where the issue of title to real property is involved, the parties are entitled to a jury trial, unless waived. Section 10-1056, 1962 Code of Laws. If such issue is involved under the pleadings in this case, even if equitable issues were also present, the motion for a geenral order of reference was properly denied.

The complaint sets forth, in form, two causes of action. It is alleged in the first that plaintiff and defendant

owned adjacent tracts of land; that the common boundary between their lands has for many years been a line considered to be the Horry-Georgetown County line; that nevertheless the defendant has executed a deed to third parties purporting to convey a strip of land in which the common boundary line is referred to as the "Horry-Georgetown County line, as marked by Robert L. Bellamy, C. E."; that the said Robert L. Bellamy has never surveyed or marked the county line separating the lands of plaintiff and defendant; and that the foregoing designation of the boundary line as that "marked by Robert L. Bellamy, C.E." is erroneous and creates uncertainty as to the actual boundary line.

The second cause of action sets forth that the parties own adjacent tracts of land, with the common boundary line between the tracts being the Horry-Georgetown County line; that the tract of plaintiff is situate in Horry County and that of defendant in Georgetown County; that, upon information and belief, defendant has had a survey and plat made of her lands and in doing so "the common boundary line between the properties of the parties, which constitutes the Horry County and Georgetown County boundary line, was incorrectly designated, surveyed or marked by the surveyor engaged by the defendant and there was included in the survey prepared for the defendant a portion of the lands owned by plaintiff so that in making the survey of the line, the representative of the defendant trespassed upon the lands of plaintiff and the resulting map of the survey constitutes a cloud upon the title of plaintiff to the lands owned by him since within such surveyed lines there is claimed a portion of the lands owned by plaintiff."

The relief sought by plaintiff is that (1) the boundary line between the adjacent properties of plaintiff and defendant be determined and a survey ordered for such purpose, if necessary; (2) the deed referred to in the first cause of action be reformed by striking out the words "as marked by Robert L. Bellamy, C.E.", so as to properly reflect a

description of the boundary line; and (3) that all plats, deeds or other claims of defendant, relative to the common boundary line, be corrected to remove any cloud from the title of plaintiff.

The answer of the defendant, among other allegations, denies that the correct boundary line is as contended by plaintiff but that, prior to the purchase by plaintiff of his tract of land, the property line now claimed by defendant was agreed to by plaintiff's predecessors in title, such agreement being evidenced by an exchange of deeds which were duly recorded; that defendant is now in possession of the lands in question under a claim of title by virtue of a written instrument; and that neither the plaintiff nor his predecessors in title were in possession of the premises in question within ten (10) years before the committing of the acts alleged in the complaint.

In addition, the answer contained the counterclaim, now in question, which alleged that although the agreed property line was clearly marked and visible when plaintiff purchased his land, plaintiff crossed the agreed line, trespassed upon the lands of defendant, and damaged her property. Recovery is sought for the damages sustained.

We think that the defendant was entitled to interpose the counterclaim in this action. While plaintiff characterizes the first cause of action as one to reform a deed and the second to quiet title to real property, both involved basically a determination of the correct boundary line between the lands of the parties—each party contending for a different one. Both parties claim the area between the disputed lines on the basis of their respective contentions as to the correct location of the boundary line. Therefore, the subject of plaintiff's action involves the question of whether the defendant has title to the land lying between the two disputed lines and defendant's counterclaim for trespass upon the disputed land is based upon the same question. The counterclaim is accordingly connected with the subject of

the action and properly asserted in the answer, under the provisions of Section 10-703, *supra*. The demurrer to the counterclaim was properly overruled.

■ Since the issue of title to the lands lying between the disputed lines was involved, the lower court properly denied the motion for a general order of reference. The question of title was a jury issue. A similar situation was involved in *Cooper River Timber Co. v. Cone*, 181 S. C. 288, 187 S. E. 341.

In the Cooper River Timber Company case, the plaintiff claimed that a boundary line had been agreed upon. The defendant denied any such agreement and alleged that the correct boundary was at a different location. In passing upon whether the cause was one solely in equity, the court considered the allegations of both the complaint and answer and stated: "There is clearly tendered by the pleadings the issue of title as to the lands lying within these disputed lines, such issue arising upon the pleadings." The court held that the question as to who owned the land between the disputed lines was a jury issue and that the cause was therefore not one solely in equity.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.