19346

The **STATE** of South Carolina, Appellant, v. **YELSEN LAND COMPANY**, Inc., et al., Respondents

(185 S. E. (2d) 897)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Edward B. Latimer, Asst. Atty. Gen.,* Columbia, and *Edward D. Buckley,* of *Bailey & Buckley,* Charleston, *for Appellant,* cite:

*Edwin P. Gardner, Esq.,* of Columbia, *for Respondents, Yelsen Land Company, Inc.,* and *Dajon Realty Company,* cites:

January 5, 1972.

LITTLEJOHN, Justice:

This action was commenced by the State of South Carolina to settle a dispute concerning ownership and control of certain tidelands, submerged lands, and waters adjacent to Morris Island in Charleston Harbor. The State seeks to enjoin the defendants from trespassing upon the property involved, and seeks confirmation of title to the land in the State.

By way of answer and counterclaim, defendants assert title to the area in question, and allege that the State has trespassed upon it. They seek judgment confirming title in themselves, and seek monetary damages for wrongful taking, forbidden by the constitution. They also seek attorney fees

and an injunction against the State. Their claim of title to the area stems from grants by the State of South Carolina to their predecessors in title.

After the case had been placed on the calendar for a jury trial, and the case reached for trial on the roster, the judge, on his own motion and over the objection of the State, referred all issues for trial to the Master in Equity for Charleston County. The State duly excepted to this order of reference and has appealed.

The sole question raised on this appeal is whether the judge erred in ordering the issues tried by the master instead of by a jury.

The complaint in this action asserts that "Plaintiff has no adequate remedy at law and therefore brings this action in equity. . . ." Defendants Yelsen Land Company, Inc. and Dajon Realty Company likewise assert in their answer and counterclaim that "Defendants have no adequate remedy at law to prevent further trespass . . .." Defendants contend that all parties have alleged this to be a matter in equity, and that a trial by jury has therefore been waived.

The State's assertion that it "has no adequate remedy at law" was, perhaps, unfortunate. Obviously it referred to the injunctive relief sought, which is purely equitable. But the character of an action is not necessarily determined by such recitations in the pleadings. Rather, it is the nature of the issues and the remedies which are sought that is determinative.

A great many actions are of a hybrid nature. They involve not only issues normally tried by a jury, but also issues normally tried in equity without a jury.

This court noted in *Airfare, Inc. v. Greenville Airport Commission,* 249 S. C. 265, 153 S. E. (2d) 846 (1967), that

"Under our Code practice legal and equitable issues and rights may be asserted in the same complaint, and legal and

equitable remedies and relief afforded in the same action. In such event the legal issues are for determination by the jury, and the equitable issues for the judge sitting as a chancellor. The legal and equitable issues should be separated and each tried by the appropriate branch of the court. *Standard Warehouse Co. v. A. C. L. R. Co.,* 222 S. C. 93, 71 S. E. (2d) 893; *Winter v. U. S. F. & G. Co.,* 240 S. C. 561, 126 S. E. (2d) 724."

Both the State and the defendants seek injunctive relief in this action. An action for such relief is equitable. *Airfare, Inc., v. Greenville Airport Commission, supra.*

But both the State and the defendants assert title to the tidelands here in question. And when an issue of title to real estate is raised, such issue is generally triable by jury. *Norwood v. Bryant,* 253 S. C. 551, 172 S. E. (2d) 108 (1970); *Hutto v. Hutto,* 189 S. C. 26, 199 S. E. 909 (1938); *Sloan v. Burnett,* 149 S. C. 12, 146 S. E. 601 (1929).

*Bryan v. Freeman,* 253 S. C. 50, 168 S. E. (2d) 793 (1969), was a suit to remove a cloud on and quiet title to land. The complaint alleged that plaintiffs had title to land. Defendants, by answers, asserted paramount title. The issue there was whether the action should have been referred to a master. In holding that the trial court acted properly in refusing to refer the action to a master, we said:

"An action to remove a cloud on and quiet title to land is one in equity. *Cathcart v. Jennings,* 137 S. C. 450, 135 S. E. 558. However, when the defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action, it is the duty of the court to submit to a jury the issue of title as raised by the pleadings. *Windham v. Howell,* 78 S. C. 187, 59 S. E. 852; *Hutto v. Hutto,* 189 S. C. 26, 199 S. E. 909; *Nelson v. Boston,* 202 S. C. 517, 25 S. E. (2d) 740."

The facts before us require the same holding as the *Bryan* case. All parties seek equitable relief, and all parties seek relief triable at law. We do not think that the allegation in the complaint that this is an action in equity warrants the conclusion, as argued by defendants, that the plaintiff waived its right to a jury trial. To hold that the State voluntarily relinquished its right to a jury trial of the law issues involved would require a strained construction of the allegation in the complaint. It was the duty of the lower court to submit the law issues to a jury.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.