22263

Stephen L. and Glenda JOHNSON, Appellants, v. SOUTH CAROLINA NA-TIONAL BANK, Respondents, and Martin K. ALESSANDRO and Mary K. Alessandro, Appellants, v. SOUTH CAROLINA NATIONAL BANK, Respondent.

(328 S. E. (2d) 75)

Supreme Court

*David W. Goldman,* of *Bryan, Bahnmuller, King, Goldman & McElveen;* and *Harry B. Burchstead, Jr.,* of *Haskell & Burchstead,* Sumter, *for appellants.*

*Manton M. Grier,* of *Boyd, Knowlton, Tate & Finlay;* and *L. Henry McKeller,* Columbia, *for respondent.*

Submitted Jan. 23, 1985.

Decided March 21, 1985.

LITTLEJOHN, Chief Justice:

These two cases present two interlocutory appeals from orders deciding the mode of trial. The parties have agreed to combine the appeals and our opinion controls both cases.

Plaintiffs-appellants, Johnsons and Alessandros, seek rescission of a guaranty agreement which they allegedly were induced to sign by fraudulent misrepresentations on the part of the defendant-respondent, South Carolina National Bank. The plaintiffs also seek money damages in the second, third and fourth causes of action for outrage, invasion of legal rights and breach of fiduciary duty respectively. After the answer was filed, the defendant moved before Judge Wylie Caldwell to require the plaintiffs to elect. "... whether to proceed on the equity side of the court for the equitable remedy of rescission or on the law side of the court for the legal remedy of damages." The motion was granted. In the order, the judge stated "... the other causes of action for outrageous conduct and fiduciary duty may be maintained in the same complaint." Thereafter, plaintiffs served notice of their election to proceed on the theory of rescission. They also moved to amend their complaint which motion to amend was granted.

After the plaintiffs elected, the defendant moved before Judge Walter Bristow for an order transferring the case to the non-jury roster on the ground that the plaintiffs had elected to proceed on the equitable side of the court for the equitable

remedy of rescission. The motion was granted and the plaintiffs appeal this order. The previous order of Judge Caldwell has not been appealed and his ruling is accordingly the law of the case.

By several exceptions, the plaintiffs raise only one issue: Are we entitled to a jury trial? We think not.

Perhaps neither party appealed the order of Judge Caldwell because both plaintiffs and defendant thought they had prevailed. Be that as it may, his order is the law of the case; and for the time being, this action contains both issues triable by law and issues triable in equity. When this is true, one forum must be selected. We held in *Insurance Financial Services, Inc. v. South Carolina Insurance Company*, 271 S. C. 289, 247 S. E. (2d) 315 (1978):

> Since the appellant has prayed for money damages in addition to seeking equitable relief, characterization of the action as equitable or legal depends on the appellant's 'main purpose' in bringing the action, *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873 (1956); *Ogilvie v. Smith,* 215 S. C. 300, 54 S. E. (2d) 860 (1949): and *Alford v. Martin,* 176 S. C. 207, 180 S. E. 13 (1935). The main purpose of the action should generally be ascertained from the body of the complaint. *Id.* However, if necessary, resort may also be had to the prayer for relief and any other facts and circumstances which throw light upon the main purpose of the action. *Bramlett, supra.*

From a review of the entire record before us, including briefs of counsel, we conclude that the main purpose of these actions is to procure for the plaintiffs a rescission of the contract and accordingly the order of Judge Bristow placing the case on the non-jury docket is

Affirmed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.