22268

COLLINS MUSIC COMPANY, INC., Appellant, v. James LIGHTSEY d/b/a Jimbo's, Respondent, and COLLINS MUSIC COMPANY, INC., Appellant, v. Henry INGRAM and Charles Cipolla, Respondents.

(328 S. E. (2d) 477)

Supreme Court

*John M. Tatum, III,* of *Harvey & Battey,* Beaufort, *for appellant.*

*James H. Moss,* of *Moss, Bailey & Dore,* Beaufort, and *D. Thomas Johnson,* Hardeeville, *for respondents.*

Submitted Jan. 23, 1985.

Decided March 28, 1985.

NESS, Justice:

Appellant Collins Music Company, Inc. seeks injunctive relief as well as money damages from its customer, respondent Lightsey d/b/a JIMBO's and its competitors, re-

spondents Ingram and Cipolla.[1] The trial judge granted respondents' motions to transfer the cases from the nonjury to the jury calendar. We reverse.

Appellant Collins is in the business of loaning coin-operated machines to small businesses under an exclusive five year contract. The agreement required Collins to divide the proceeds from the machines with its customer in consideration for the exclusive right to have only its machines on the customer's premises.

In the first case Collins sues its customer for breach of exclusive contract seeking injunctive relief from further breach and liquidated damages of $500 per week as set forth in the contract. In the second case Collins sues two of its competitors for willfully interfering with its exclusive customer contract by placing their machines on its customer's premises, and seeks $75,000 actual and punitive damages and injunctive relief from future interference.

Upon respondents' motion the trial court ruled the main purpose of the actions was for damages and transferred the cases to the jury roster.

Appellant alleges the trial court misconstrued its main purpose in bringing the suits which was injunctive relief. We agree.

When a party seeks both money damages and equitable relief, characterization of the action as equitable or legal depends on the party's "main purpose" in bringing the action. *Johnson and Alessandro v. S. C. National Bank,* 328 S. E. (2d) 75 (1985); *Insurance Financial Services, Inc. v. South Carolina Insurance Company,* 271 S. C. 289, 247 S. E. (2d) 315 (1978).

We hold Collins's main purpose in bringing these suits was for injunctive relief securing its exclusive right to maintain machines on its customers' premises. The trial court's order transferring the cases to the jury roster is reversed.

Reversed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.

---

[1] The two appeals present the same issue and have been consolidated for our review.