### 1098

Mary Ann WAGES, Rebecca Wright and Moses Relford, Respondents v. Nora A. CUNNINGHAM, Doris L. Gilbert, Retha M. Hingleton, Eartha Davis, Evelyn Gilbert, Annie B. Minger, Diane Goodwin, Jesse Goodwin, Sr., Jesse Goodwin, Jr., Arthur Telford, Leo Telford, and Amselco Exploration, Inc., Defendants, of whom Amselco Exploration, Inc., is also a Respondent, and Nora A. Cunningham, Doris L. Gilbert, Retha M. Hingleton, Eartha Davis, Evelyn Goodwin, Jesse Goodwin, Sr., Jesse Goodwin, Jr., and Arthur Telford are Appellants. Appeal of Nora A. CUNNINGHAM, Doris L. Gilbert, Retha M. Hingleton, Eartha Davis, Evelyn Gilbert, Jesse Goodwin, Sr., Jesse Goodwin, Jr., and Arthur Telford.

(366 S. E. (2d) 35)

Court of Appeals

*Steven B. Licata*, of *Finkel, Georgaklis, Goldberg, Sheftman & Korn*, Columbia, *for appellants.*

*Hamilton Osborne, Jr.*, of *Boyd, Knowlton, Tate & Finlay*, Columbia, *for Amselco.*

*George M. Lee, Jr.*, and *J. Leeds Barroll, IV*, Columbia, *for Wages, Wright and Telford.*

Submitted Jan. 27, 1988.

Decided Feb. 29, 1988.

CURETON, Judge:

This appeal concerns the question of the right to a jury trial. Mary Ann Wages, Rebecca Wright, and Moses Telford filed a complaint seeking a partition of approximately eleven acres of land in Fairfield County. The complaint alleged they and the individual defendants were owners of the property as tenants in common. The action was filed as a non-jury matter. The named defendants (who are the appellants in this appeal) answered and asserted two counterclaims. They also demanded a jury trial of the case under Rule 38 of the South Carolina Rules of Civil Procedure. The trial court issued an order denying the appellants a jury trial and setting the matter for trial on the non-jury roster. We affirm the trial court.

The appellants contend they are entitled to a jury trial under Rule 38 because the pleadings raise a factual issue as to title to property. South Carolina Rule of Civil Procedure 38(1) provides as follows:

> The right of trial by jury as declared by the Constitution or as given by a statute of South Carolina shall be preserved to the parties inviolate. Issues of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial be waived.

The notes to Rule 38(a) indicate the last sentence was added to Paragraph 38(a) to preserve the language of Section 15-23-60, Code of Laws of South Carolina, 1976. Under that code section, if an issue of title to real estate was raised the issue was triable by a jury. *State v. Yelsen Land Co.*, 257 S. C. 401, 185 S. E. (2d) 897 (1972); *Van Every v. Chinquapin Hollow, Inc.*, 265 S. C. 474, 219 S. E. (2d) 909 (1975).

The answer and counterclaims in this case do not raise an issue of paramount title to land. It is clear from reading the pleadings and Statement of the Case that the legal title to

the property is currently in both the respondents and appellants. Both parties agree no other persons have an ownership interest in the property. However, the appellants allege they and the respondents had made an agreement to divide certain tracts of land. The appellants claim they have performed the agreement by transferring various properties to the respondents. They claim the respondents have not performed. Specifically, the appellants allege the respondents were to transfer their interest in this property to the appellants. The counterclaims of the appellants seek the remedy of specific performance of the agreement by the respondents. Specific performance is an equitable remedy. *King v. Oxford,* 282 S. C. 307, 318 S. E. (2d) 125 (Ct. App. 1984).

Since both the complaint and counterclaims are in equity, the entire matter is triable by the court without a jury. *Johnson v. South Carolina National Bank,* 292 S. C. 51, 354 S. E. (2d) 895 (1987); *Wolf v. Haves,* 161 S. C. 293, 159 S. E. 620 (1931) (claim for partition is an action in the equity jurisdiction of the court).

The order of the circuit court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.