22995

Frank Joe BAUGHMAN, et al., Respondents, of whom James Harold Ford, Joyce B. Ford, Tommy A. I. McPherson and Roy Lynn McPherson are also Respondents-Appellants v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY, A Corporation, and AT & T Nassau Metals Corporation, A Corporation, of whom AT & T Nassau Metals Corporation is Appellant-Respondent. Appeal of James Harold FORD, Joyce B. Ford, Tommy A. I. McPherson and Roy Lynn McPherson, Respondents. Johnny Olanis BENNETT, a minor by Louise BENNETT, his Mother and General Guardian, et al., Plaintiffs-Respondents, of whom Ashlee N. Ford, a minor, by Joyce B. Ford, his Mother and General Guardian, David Michael Ford, a minor, by Joyce B. Ford, his Mother and General Guardian, Michelle Lynn McPherson, a minor, by Roy Lynn McPherson, her Mother and General Guardian and Tommy A. I. McPherson, II, a minor, by Roy Lynn McPherson are also Respondents-Appellants v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY, A Corporation, and AT & T Nassau Metals Corporation, A Corporation, of whom AT & T Nassau Metals Corporation is, Appellant-Respondent. Appeal of Ashlee N. FORD, a minor, by Joyce B. FORD, his Mother and General Guardian, David Michael Ford, a minor, by Joyce B. Ford, his Mother and General Guardian, Michelle Lynn McPherson, a minor, by Roy Lynn McPherson, her Mother and General Guardian, and Tommy A. I. McPherson, II, a minor, by Roy Lynn McPherson, his Mother and General Guardian, Respondents. Eula Mae BROWN, et al., Respondents v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY, A Corporation, and AT & T Nassau Metals Corporation, A Corporation, of whom AT & T Nassau Metals Corporation is Appellant. Floyd Marion BUSBEE, Edna Fallaw Busbee and Ralph Wessinger, Respondents v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a Corporation, and AT & T Nassau Metals Corporation, a Corporation, of whom AT & T Nassau Metals Corporation is Appellant. Appeal of AT & T NASSAU METALS CORPORATION (Four Cases).

(378 S. E. (2d). 599)

Supreme Court

*Stephen G. Morrison, Richard H. Willis* and *Laura S. Campbell,* Columbia, *for appellant-respondent.*

*Frank B. Register,* Lexington, *Sheldon E. Bernstein,* of Del Rey, Fla., and *Lawrence M. Mann,* Washington, D. C., *for respondents-appellants and respondents.*

Heard Feb. 21, 1989.

Decided March 27, 1989.

GREGORY, Chief Justice:

These actions were commenced by 271 plaintiffs alleging various personal injuries and property damage caused by air and water pollution from appellant-respondent's (Nassau's) plant. The circuit court sua sponte consolidated all cases for a single non-jury trial by invoking an equitable remedy known as a bill of peace. Nassau appeals. The circuit court also dismissed with prejudice the claims of thirty-eight plaintiffs, eight of whom appeal. We reverse.

Nassau claims its right to a jury trial was violated by the order consolidating all claims for a single non-jury trial.[1] The complaints in this case state causes of action for negligence, strict liability, trespass, nuisance, and loss of consortium. They request damages, including punitive damages, and seek to enjoin Nassau from continuing operations without adequate pollution control. Plaintiffs demanded a jury trial pursuant to Rule 38, SCRCP.

The right to a jury trial is determined according to ██ the main purpose of the suit. *Collins Music Co. v. Lightsey*, 285 S. C. 108, 328 S. E. (2d) 477 (1985). A plaintiff is entitled to a jury trial in a nuisance action if the main purpose of the suit is to secure damages. *Standard Warehouse Co. v. Atlantic Coast Line R. Co.*, 222 S. C. 93, 71 S. E. (2d) 893 (1952). It is clear that the main purpose of these suits is to secure damages. The plaintiffs are therefore entitled to a jury trial. Under Rule 38, a defendant may rely on a plaintiff's demand for a jury trial. *See Cram v. Sun Insurance Office, Ltd.*, 375 F. (2d) 670 (4th Cir. 1967). Nassau is therefore also entitled to a jury trial on these claims. We hold the trial judge's order violated Nassau's right to a trial by jury.

Further, we hold the bill of peace is no longer an ██ available procedure in view of the enactment of the South Carolina Rules of Civil Procedure (SCRCP). Rule 81, SCRCP, provides that the procedure in civil court shall conform to the rules set forth in the SCRCP unless no provision is made therein. Under the SCRCP, Rules 23 and 42 regarding class action and consolidation accomplish the same effect as a bill of peace and therefore supplant it. Moreover, Rule 16 allowing pre-trial case management provides a vehicle for depriving a party of its right to a jury trial. For these reasons we reverse the circuit court's order imposing a bill of peace.

Next, we address the appeal of eight individuals ██ whose claims were dismissed with prejudice for failure to comply with discovery orders. These individuals undisputedly failed to answer inter-

---

[1] Respondents do not oppose Nassau's position on this issue.

rogatories. The circuit court issued orders for responses to interrogatories on July 28, 1987, and September 29, 1987. On January 27, 1988, the circuit court granted Nassau's motion for sanctions by disallowing the development of any facts at trial not revealed in discovery. When these eight individuals still did not provide answers to basic interrogatories, the circuit court dismissed their claims with prejudice on April 14, 1988.

While Rule 37(b)(2)(C), SCRCP, allows a trial judge to dismiss an action for failure to comply with a discovery order, we find such a sanction too severe in this case. Lengthy depositions were taken by Nassau regarding these eight claims. Clearly, Nassau was not prejudiced by the failure to timely receive formal answers to basic interrogatories.

We do not, however, condone the failure, even if inadvertent, to comply with an order of a circuit court judge. We hereby sanction these eight plaintiffs by imposition of a fine of $100.00 each. Further, each shall comply with the order of discovery and provide answers to interrogatories to Nassau within ten days of the date of the filing of this opinion. Failure to comply shall result in dismissal of these claims with prejudice.

Accordingly, the judgment of the circuit court is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

