489 S.E.2d 655

**MORTGAGE RECOVERY FUND—RIVERBEND, LTD., Respondent,**

v.

**HERITAGE CLIPPER RIVERBEND TRUST, Stephen M. Chapman, BVH Partners, Bank of New England, N.A., Town & Campus International, Inc., Sentry Management Corporation, a Massachusetts Corporation, and Sentry Management Corporation, a New Hampshire Corporation,**

**of whom Sentry Management Corporation, a New Hampshire Corporation is the Appellant.**

No. 2688.

Court of Appeals of South Carolina.

Submitted May 6, 1997.

Decided June 30, 1997.

Michael S. Church, of Turner, Padget, Graham & Laney, Columbia, for appellant.

Edward D. Barnhill, Jr., of Morris, Morris & Barnhill, Columbia, for respondent.

HEARN, Judge:

Mortgage Recovery Fund (MRF) originally brought this mortgage foreclosure action against the owners of certain real property located in Lexington County, South Carolina. MRF later amended its complaint and added a cause of action against Sentry Management Corporation (Sentry). Sentry appeals from the order of the master-in-equity denying its motion to transfer the case to the jury roster. We reverse.

## *Facts*

MRF filed this mortgage foreclosure action in March 1994 in connection with the mortgage default of an apartment complex. MRF sought reformation of the commercial mortgage, the appointment of a receiver, and foreclosure of the mortgage. A receiver was appointed on April 22, 1994 and given possession of the apartment complex. By consent of the parties, the case was referred with finality to the Lexington County Master-in-Equity in July 1994.

In December 1994, MRF amended its complaint to add a cause of action against Sentry. In the amended complaint, MRF alleges that for a period of time Sentry was managing agent for the defendants Heritage Clipper Riverbend Trust, Stephen M. Chapman, and BVH Partners. During this time, MRF alleges Sentry received excessive management fees in the amount of $400,000 while the loan was in default. In the prayer for relief, the only relief requested in connection with Sentry is "a money judgment against the Defendants, Sentry Management Corporation, jointly and severally."

In December 1995, Sentry filed a motion to transfer the case to the jury docket. The master denied the motion, finding that MRF's main purpose in bringing the action was equitable.

### *Discussion*

Sentry argues the master erred in denying its motion to transfer the case to the jury docket because the only cause of action brought against it was legal. We agree.

An action to foreclose a real estate mortgage comes within the equitable jurisdiction of the court. *MI Co., Ltd. v. McLean*, 325 S.C. 616, 482 S.E.2d 597, 601 (Ct.App.1997). However, under Rule 38(a), SCRCP, issues of fact in an action for money only must be tried by a jury unless a jury trial is waived. In determining whether the case is legal or equitable, some South Carolina cases have applied the "main purpose rule." If a plaintiff has prayed for money damages in addition to equitable relief, characterization of the action as equitable or legal depends on the plaintiff's "main purpose" in bringing the action. *Baughman v. AT & T*, 298 S.C. 127, 129, 378 S.E.2d 599, 600 (1989). However, numerous cases have held that where legal and equitable issues and rights are asserted in the same complaint, legal issues are for determination by a jury and equitable issues for the judge. *Airfare, Inc. v. Greenville Airport Comm.*, 249 S.C. 265, 269, 153 S.E.2d 846, 848 (1967); *Winter v. U.S. Fidelity & Guaranty Co.*, 240 S.C. 561, 573, 126 S.E.2d 724, 730 (1962).

In *Floyd v. Floyd*, 306 S.C. 376, 412 S.E.2d 397 (1991), the South Carolina Supreme Court set out to resolve this apparent conflict in the case law, stating:

We are concerned that, as courts have sought to ascertain the "main purpose" of lawsuits, the pendulum appears to have swung with steadied progress toward decisions tending to place within the sole purview of the equity judge issues properly triable only by jury. . . .

As we interpret the "main purpose" rule, its primary function is to administratively categorize an action in which parties seek both equitable relief and legal redress. When properly applied, the "main purpose" rule reduces the complexity of litigation and does not deprive litigants of the right to a jury trial where appropriate.

With a view toward harmonizing the case law on this issue, we reiterate our pre *Johnson [v. South Carolina National Bank,* 285 S.C. 80, 328 S.E.2d 75 (1985) ]*, Collins [Music Co. Inc. v. Lightsey,* 285 S.C. 108, 328 S.E.2d 477 (1985) ] and *Baughman, supra,* rulings and adopt the more recent holding of the South Carolina Court of Appeals that **in instances where legal and equitable issues are asserted in the same complaint, the legal issues are for determination by a jury and the equitable issues are to be decided by the court.**

*Id.* at 380, 412 S.E.2d at 399. (emphasis added) (citations omitted).

In the present case, the master determined that MRF"s "main purpose" in bringing the action was for a mortgage foreclosure. Thus, the master held that all issues in the case would be addressed in a court of equity. While the master correctly held that the action against the other defendants was equitable in nature, the only damages sought against Sentry were for excessive management fees. Moreover, the only relief sought against Sentry was in the form of money damages. While the trial judge characterized the action against Sentry as one for an accounting, nowhere in the complaint does MRF state a cause of action for an accounting. Furthermore, at the time the master issued his order denying Sentry's motion to have the case transferred to the jury docket, the other causes of action against the remaining defendants had been disposed of by a previous order of the court. Thus, the only remaining issue in the case was an action at law for money damages against Sentry. We therefore hold that under Rule 38(a), SCRCP, Sentry was entitled to a jury trial.

Accordingly, the decision of the master is **REVERSED.**

CURETON and STILWELL, JJ., concur.