THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Val Jacobsen,       
Respondent,
 
 
 

v.

 
 
 
American Agviation, Inc., and
Transland, Inc.,        Appellants,
 
 
 

 
 
 
Loretta W. Jacobsen,       
Respondent,
 
 
 

v.

 
 
 
American Agviation, Inc., and
Transland, Inc.,        Appellants.
 
 
 

Appeal From Hampton County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2004-UP-424
Heard June 10, 2004  Filed June 30, 2004

VACATED

 
 
 
Celeste T. Jones and Benjamin E. Nicholson, V, both of Columbia, 
 for Appellants.
John E. Parker and Grahame E. Holmes, both of Walterboro, 
 for Respondents.
 
 
 

PER CURIAM:  Respondents, Val Jacobsen and 
 his wife Loretta, brought suits against appellants, American Agviation, Inc. 
 and Transland, Inc., seeking redress for injuries Val suffered in the crash 
 of his crop duster plane.  When both companies failed to appear for trial, the 
 court held a bench trial in their absence and awarded the Jacobsens over $12 
 million in damages.  Agviation and Transland then filed motions for a new trial 
 or, in the alternative, to dismiss for lack of personal jurisdiction, amend 
 findings of fact, alter or amend the judgment, open judgment for additional 
 testimony, and/or for relief from judgment.  The court denied all their motions 
 and Agviation and Transland now appeal, asserting procedural errors and contending 
 the trial court lacked personal jurisdiction.  For the reasons set forth below, 
 we vacate the trial courts order.
FACTUAL/PROCEDURAL BACKGROUND
In August 1994, Val Jacobsen, a high school 
 teacher and part-time crop duster, telephoned American Agviation, an Arkansas 
 company, to request information on an aircraft the company was selling.  American 
 Agviation responded with a letter to Val describing the plane.  On August 19, 
 1994, after several telephone conversations with Agviations president negotiating 
 the price and an overhaul to the plane, Jacobsen traveled to Arkansas and purchased 
 the used 1970 Grumman Ag-Cat airplane.  Val used the plane strictly for crop 
 dusting.  On the morning of July 14, 1996, Val was severely burned when the 
 aircraft crashed shortly after takeoff.  
On July 8, 1999, Val filed suit against 
 Agviation and Transland, Inc. in the Hampton County Court of Common Pleas for 
 injuries he received in the crash.  On July 9, 1999, Loretta filed a loss of 
 consortium action against the two companies.  The Jacobsens alleged the plane 
 caught fire shortly after Vals take-off, and when he attempted to dump his 
 load of chemicals in order to land safely, the defective design of the crop 
 dusting device prevented him from doing so causing him to crash into a tree.  
 As to Agviation, the Jacobsens claimed the company negligently sold Val an airplane 
 with defective exhaust stacks.  As to Transland, the Jacobsens claimed it negligently 
 designed the planes dumping system in such a way that the system could unintentionally 
 be in a position to prevent emergency dumping, thereby causing Vals injuries.  
 The Jacobsens complaints contained a demand for a jury trial.  
The companies, upon receipt of the Jacobsens 
 Summons and Complaint, each responded by writing a letter to the Jacobsens 
 attorney, John Parker.  On July 9, 1999, Translands president, Conrad Barlow, 
 replied with a letter sent by facsimile and certified mail, informing Parker 
 that Transland did not manufacture the dumping device on the airplane.  On August 
 4, 1999, Agviations president, Frank Kelly, also responded through a letter 
 to Parker, raising factual defenses and asserting the South Carolina court did 
 not have jurisdiction over Agviation.  This letter contained the following carbon 
 copy information in its postscript:

STATE OF SOUTH CAROLINA
Office of Jim Miles, SECRETARY OF STATE
Court of Common Pleas/County of Hampton
P. O. Box 11350
Columbia, S.C. 29211

Transland also sent a copy of its responsive letter 
 to the above address on August 9, 1999.  
Transland maintained it received six separate notices 
 of roster meetings in the matter.  Agviation indicated it received eight such 
 notices.  After receiving one of the notices from the Hampton County Clerk of 
 Court, Translands president, Barlow, sent a letter to the Jacobsens attorney 
 on September 4, 2001, noting the roster included his name under American Agviation 
 and insisting he had no affiliation to Agviation.  After receiving a roster 
 meeting notice in January 2002, Transland sent another letter dated February 
 11, 2002, this one to The Hampton County Clerk of Court, expressing confusion 
 over the matter, enclosing correspondence with the Jacobsens attorney, and 
 requesting it be removed from the lawsuit.  
On December 17, 2001, the Hampton County Clerk 
 of Court mailed a roster of cases for the January 28, 2002 term of court to 
 Agviation and Transland.  The notice was addressed to Attorneys At Law and 
 stated as follows:

There will be a term of Common Pleas Court on JANUARY 28, 2002 
 beginning at 9:30 a.m.  The Honorable Rodney A. Peeples will be the presiding 
 judge.  The jury will report at 2:00 p.m.
 Enclosed you will find a copy of the roster and a Pre-Trial Brief.  
 Please fill out a Brief for each case you have on this roster.  Bring three 
 (3) copies to the Roster Meeting January 28, 2002.  If you have any questions, 
 please contact the Administrative Judges office at (843) 549-7878.  Please 
 follow all telephone calls to the Judge or Clerks office with a faxed or mailed 
 letter.

The notice also gave the name, address, and phone and fax numbers for the 
 Administrative Judge.  The Jacobsens two suits against Agviation and Transland 
 were placed as cases 9 and 10 on the roster of 108 cases.  Their case listings 
 included the names of John Parker under the Jacobsens and Conrad Barlow under 
 American Agviation, and indicated PRE-TRIAL DATE:  00/00/0000.  
On January 28, 2002 when the cases were called 
 to trial, neither Transland nor Agviation appeared before the court to defend 
 against the Jacobsens claims.  At that time, the Jacobsens proceeded with a 
 bench trial and their attorney presented a full case on the merits, eliciting 
 testimony and introducing evidence to substantiate the Jacobsens claims.  By 
 order filed February 14, 2002, the court determined its exercise of personal 
 jurisdiction over Agviation and Transland was proper, and found both companies 
 liable for Jacobsens injuries and his wifes loss of consortium, awarding them 
 over $12 million in damages.  Thereafter, Agviation and Transland retained legal 
 counsel and filed timely motions for a new trial or, in the alternative, to 
 dismiss for lack of personal jurisdiction, amend findings of fact, alter or 
 amend the judgment, open judgment for additional testimony, and/or for relief 
 from judgment.  In these motions, Agviation and Transland asserted various grounds 
 for the court to set aside the judgment or grant a new trial, including but 
 not limited to the following: (1) they were not given notice the case was transferred 
 to the non-jury roster and they did not consent to such transfer; (2) they were 
 not given adequate notice of the trial; (3) they were not given a hearing on 
 their motion to dismiss; (4) they were not given notice that, as a party, they 
 were required to attend the roster meeting; and (5) the court lacked personal 
 jurisdiction over them.  Following a hearing, the court denied each of their 
 motions.  This appeal follows.
LAW/ANALYSIS

 
 On appeal, Agviation and Transland contend 
 the trial court erred in sua sponte transferring their cases to 
 the non-jury docket.  We agree.
Rule 38, SCRCP governs the right to trial by jury 
 and provides in pertinent part:

(a) Right Preserved.  The right of trial by jury as declared 
 by the Constitution or as given by a statute of South Carolina shall be preserved 
 to the parties inviolate.  Issues of fact in an action for the recovery of 
 money only or of specific real or personal property must be tried by 
 a jury, unless a jury trial be waived.
(d) Waiver.  The failure of a party to serve a 
 demand as required by this rule and to file it as required by Rule 5(d) 
 constitutes a waiver by him of trial by jury.  A demand for trial 
 by jury made as herein provided may not be withdrawn without the consent of 
 the parties, except where an opposing party is in default under Rule 55(a).

Rule 38 (a) and (d), SCRCP (emphasis added).  Further, Rule 
 39 of the South Carolina Rules of Civil Procedure, provides in pertinent part 
 as follows:

When trial by jury has been demanded as provided in Rule 
 38, the action shall be designated upon the calendar and the clerks filebook 
 as a jury action.  The trial of all issues so demanded shall be by 
 jury, unless (1) the parties or their attorneys of record, by written 
 stipulation filed with the court or by an oral stipulation made in open court 
 and entered in the record, consent to trial by the court sitting without a jury 
 or (2) the court upon motion or its own initiative finds that a right of trial 
 by jury of some or all of those issues does not exist.

Rule 39(a), SCRCP (emphasis added).
In their motions before the trial court, Appellants 
 requested the court set aside the judgment or grant them a new trial on the 
 ground that they were not given proper notice that the cases were transferred 
 from the jury roster to the non-jury roster, and they did not consent to such 
 a transfer.  In denying the motion on this basis, the trial court indicated 
 it considered Appellants to technically be in default for failing to properly 
 answer within the time prescribed under the rules [1] .  However, it noted that the Jacobsens never 
 moved pursuant to Rule 55(a) to have the defaults entered upon the calendar, 
 [2] and therefore Appellants did not waive their right to a trial by jury 
 pursuant to Rule 38(d).  The court further recognized the constraints of Rule 
 39(a), SCRCP, requiring consent of all parties before issues in which a jury 
 trial is demanded can be heard non-jury, unless the right to trial by jury does 
 not exist for some or all of the issues.  Nonetheless, it denied the motion 
 finding any problems arising in these actions are the direct result of [Agviations 
 and Translands] own neglect in failing to monitor the progress in these cases.  
 We find this ruling to be in error.
This action is indisputably one for the recovery 
 of money for which a jury trial may properly be demanded.  Rule 38(a), SCRCP.  
 It is equally clear that the Jacobsens demanded in their complaints that these 
 cases be tried by a jury.  Agviation and Transland were entitled to rely on 
 the Jacobsens demand for trial by jury and need not make their own demand.  
 See Baughman v. Am. Tel. & Tel. Co, 298 S.C. 127, 129, 378 
 S.E.2d 599, 600 (1989) (Under Rule 38, a defendant may rely on a plaintiffs 
 demand for a jury trial.)  Because a demand for jury trial was properly made, 
 such demand could not be withdrawn without the consent of the parties, unless 
 the opposing party is in default.  Rule 38(d), SCRCP.  Further, the parties 
 or their attorneys did not by written stipulation filed with the court or by 
 an oral stipulation made in open court and entered in the record, consent to 
 trial by the court sitting without a jury pursuant to Rule 39(a), SCRCP.  
Thus, the rules of civil procedure are clear, that 
 where a jury trial is properly demanded, such demand may not thereafter be withdrawn 
 without the consent of all parties, unless the party from whom consent 
 is not obtained has been held in default pursuant to Rule 55(a), SCRCP.  As 
 noted by the trial court, the Jacobsens never moved pursuant to Rule 55(a) to 
 have any defaults entered upon the calendar. [3]   Rather, they proceeded to trial, 
 presenting evidence on both liability and damages.  We therefore hold the trial 
 court erred in transferring the cases to the non-jury docket and hearing them 
 in a bench trial.  Where the consent of all parties is not obtained, there is 
 no provision in the rules allowing the transfer of a case from the jury docket 
 based upon a partys failure to appear for trial, unless default has been entered 
 against that party.  Here, the fact that Appellants were not present when the 
 case was called for trial is irrelevant, as there had been no entry of their 
 default.
For the foregoing reason, the judgments against 
 Agviation and Transland are vacated. 
 [4] 
VACATED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.

 
 
 [1] The court relied in part on Renaissance Enters., Inc. v. Summit 
 Teleservices, Inc., 334 S.C. 649, 651, 515 S.E.2d 257, 258 (1999), holding 
 a non-lawyer cannot represent a corporation in either the circuit or appellate 
 courts of this state. 

 
 
 [2] See Rule 55(a), SCRCP (When a party against whom a judgment 
 for affirmative relief is sought has failed to plead or otherwise defend as 
 provided by these rules and that fact is made to appear by affidavit or otherwise, 
 the clerk shall enter his default upon the calendar (file book).)

 
 
 [3] Indeed, there is no indication that the Jacobsens, by affidavit or 
 otherwise, asserted the appellants failed to plead or otherwise defend such 
 that they would have been entitled to entry of default against the appellants 
 pursuant to Rule 55(a).  

 
 
 [4] Because our decision on this issue renders Appellants other arguments 
 moot, we need not address them in this appeal.