## 20558

C & B COMPANY, Respondent, v. James Edward COLLINS, Virginia Elizabeth Collins and James Warren, of whom James Edward Collins and Virginia Elizabeth Collins are, Appellants.

(239 S. E. (2d) 725)

*Belser, Kemmerlin & Ravenel,* of Columbia, *for Appellants,*

*Hammer and Bernstein,* of Columbia, *for Respondent,*

December 5, 1977.

NESS, Justice:

Respondent, C & B Company, commenced suit against appellants, seeking to foreclose a mechanics lien in the amount of $4,126.41. This appeal is from an order granting summary judgment to respondent. Finding a factual issue regarding appellants' consent to the supply of materials by respondent, we reverse.

While the order of the trial judge did not specify which mechanics lien statute he applied in his resolution of the case, the fact that it contains language concerning "the meaning of consent" indicates he relied on Section 29-5-10 of the

1976 Code of Laws of South Carolina. This Section requires that a debt be due for labor performed or materials furnished by virtue of an agreement with, or by consent of, the owner.

The contract which Mr. Collins executed with the contractor allocated $3,000.00 of the contract price to the purchase of wallpaper, vinyl, carpet, and countertops. In her affidavit, Mrs. Collins stated that the contractor told her he was purchasing those materials from respondent C & B Company, and that she could accompany him to respondent's place of business to choose the particular items.

The following definition of consent stated in *Gray v. Walker,* 16 S. C. 143 (1880), was quoted with approval in relation to the mechanics lien statute in *Metz v. Critcher,* 86 S. C. 348, 350, 68 S. E. 627, 628 (1910):

" 'Consent here, we think, implies something more than a mere acquiescence in a state of things already in existence. It implies an agreement to that which, but for the consent, could not exist, and which the party consenting has a right to forbid.' "

According to Mrs. Collins' affidavit, her latitude of choice extended only to the colors to be selected, not to whether or not the items should be supplied by respondent. This "mere acquiescence," if established at trial, would not be sufficient to fulfill the consent requirement of Section 29-5-10. [1]

A genuine issue existed as to whether appellants exercised the degree of consent contemplated by the statute. Summary judgment was therefore improvidently granted.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[1] See also 53 Am. Jur. (2d) § 126.