## 20913

Thomas ZELLER, Appellant, v. CUMBERLAND TRUCK SALES, a/k/a Cumberland Freightliner, Respondent.

(253 S. E. (2d) 111)

*Kenneth E. Sowell,* Greenville, *for appellant.*

*James Drayton Calmes, III,* Greenville, *for respondent.*

March 14, 1979.

LEWIS, Chief Justice:

This is an appeal from an order of the lower court vacating a default judgment entered against the defendant-respondent, a nonresident corporation. The judgment was vacated on the ground that the court lacked jurisdiction to enter the judgment because service was attempted on an agent of respondent while the agent was in the State to testify in a criminal prosecution and, therefore, exempt from service by reason of Section 19-9-110 of the 1976 Code of Laws of South Carolina. We affirm.

The material facts are not in dispute and we largely follow their statement in the order under appeal.

Plaintiff-appellant is a resident of Greenville County, South Carolina, and respondent is a Tennessee Corporation. During the latter part of 1976 and the first part of 1977, respondent made repairs to appellant's truck in Tennessee. On January 10, 1978, appellant's wife, Cheri Zeller, issued her check payable to respondent for the sum of $559.95 for the repairs. Subsequently, appellant concluded the repairs had been improperly made and, at his direction, his wife stopped payment on the check. As a result, respondent procured a criminal warrant against Cheri Zeller in connection

with the stoppage of payment of the check. At the direction of the Solicitor's office two of respondent's agents appeared in Greenville, South Carolina, on March 15, 1978, to testify at a preliminary hearing demanded through appellant's attorney.

While respondent's agents were in Greenville to testify in the criminal cases, appellant's attorney caused to be served on one of the agents a summons (complaint not served) in a case by Cheri Zeller against the respondent and, at the same time, allegedly, also a summons (complaint not served) in this case. When the summonses were allegedly served, according to the undisputed affidavit of the agent, all papers served were stapled together with the summons in the Cheri Zeller suit showing as the front or first sheet. It is inferable that, since the summonses were stapled together, the agent was unaware that two actions were involved.

Upon returning to Tennessee, the agents delivered to respondent's attorney in Knoxville information that a summons had been served in the Cheri Zeller action, as shown on the front page of the papers served. On March 21, 1978, respondent's attorney wrote to appellant's attorney demanding a copy of the complaint in the Cheri Zeller action. While appellant's attorney denies receiving this letter, a copy was received by the clerk of court. Respondent's attorney later talked with appellant's attorney by telephone and learned that a default judgment was being entered in this case. Counsel for respondent immediately moved for an order vacating the judgment in this case, entered on April 19, 1978.

In 1948, the General Assembly of this State enacted the "Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings." Section 19-9-10 *et seq.* of the 1976 Code of Laws. Section 19-9-10 of that Act provides:

If a person comes into this State in obedience to a summons directing him to attend and testify in this State, he

shall not, while in this State pursuant to such summons, be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this State under the summons.

It is undisputed that, at the time of service of the summons in this case upon the agents of respondent, they were in South Carolina at the direction of the Solicitor to testify in a criminal proceeding. Therefore, under the provisions of Code Section 19-9-110, *supra*, respondent was immune from service of process in this State and the lower court properly held that service of the summons upon respondent's agent was void.

However, appellant, relying upon *Thornton v. American Writing Mach. Co.*, 83 *Ga.* 288, 9 S. E. 679, and like cases, asserts that respondent has waived its immunity from service of process by the failure to assert it prior to the entry of judgment.

The exemption or immunity from service of process, afford under Section 19-9-110, is a personal privilege or exemption and may be waived by the person otherwise entitled thereto. 72 C.J.S. Process § 88a; 62 Am. Jur. (2d), Process, Section 156; *Meng v. Houser,* 34 S. C. (13 Rich. Eq.) 210.

Appellant correctly states that the applicable rules require a prompt assertion of the exemption from service of process and, ordinarily, such immunity should be claimed prior to judgment. The latter, however, is not an absolute rule but must be weighed in the light of all of the surrounding facts and circumstances.

The record sustains the conclusion of the trial judge that the facts in this case were insufficient to justify a finding that respondent waived its immunity to service of process. The complaint was not served with the summons in either this case or that of appellant's wife. Demand was promptly made upon appellant's attorney for a copy of the complaint in the wife's case but not in this one. The failure to take

action in this case was due, according to respondent's counsel, to the fact that he had no knowledge that a summons had been served and had no knowledge that this case was pending.

When respondent's counsel failed to receive the requested copy of the complaint in the wife's suit, he telephoned appellant's counsel about the matter. It was in that conversation respondent's counsel first learned of the pendency of this action. When he was told that appellant was proceeding to enter a default judgment, local counsel was immediately retained and motion promptly made to vacate the judgment.

A waiver is the voluntary and intentional relinquishment of a known right, claim, or privilege. It may be expressed or implied. The contention of appellant is that the failure of respondent to assert its privilege or immunity constituted an implied waiver of the privilege. In determining this issue, however, we are controlled by the sound principle that "where an implied waiver is claimed, caution must be exercised, for waiver will not be implied from doubtful acts." 28 Am. Jur. (2d), Estoppel and Waiver, Section 160.

It is reasonably inferable that the service of the summons, if made, in the two cases, stapled together, without a complaint served, might mislead and give one the impression that only one action (that of the wife) was involved. The prompt action of respondent's counsel in contacting counsel for appellant with reference to one action and not the other, when the papers in both actions were apparently stapled together and served at the same time, should have alerted appellant's counsel to the fact, at least, that respondent did not *intend* for judgment to be entered against it by default. These circumstances raise sufficient doubts to justify the refusal to imply waiver from the alleged silence of respondent in this case.

The judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.