23856

TRICO SURVEYING, INC., Appellant v. GODLEY AUCTION COMPANY, INC., Respondent v. Barkat "B.C." CHARANIA, Individually and Barkat "B.C." Charania, d/b/a B.C. Investments and Realty Company, a Proprietorship, Third-Party Defendants.

(431 S.E. (2d) 565)

Supreme Court

*Arnold S. Goodstein,* of *Goodstein & Goodstein,* Summerville, *for appellant.*

*Linda S. Lombard* and *Susan K. Dunn,* Charleston, *for respondent.*

Heard Apr. 7, 1993.

Decided May 10, 1993.

CHANDLER, Justice:

Trico Surveying, Inc. (Trico) appeals Orders which (1) granted Respondent Godley Auction, Inc. (Godley) summary judgment in Trico's suit to foreclose a mechanic's lien and (2) awarded Godley $21,800 attorney's fees.

We affirm.

## FACTS

In October, 1988, Godley paid Trico $1,500 to perform a boundary survey and preliminary wetlands sketch[1] of its 255-acre tract of land in Dorchester County. Subsequently, Godley contracted to sell the parcel to one B.C. Charania (Charania), a real estate developer. Thereafter, Trico completed a *detailed* wetlands survey for which Charania agreed to pay Trico $21,800. Charania, upon defaulting on its contract to purchase the 255 acres, refused to pay Trico for the survey.

Trico filed this mechanic's lien foreclosure action against the property, alleging that Godley had consented to the sur-

---

[1] A superficial or preliminary wetlands survey involves use of existing maps/plats, etc., whereas a more complete survey requires a detailed, on-site inspection. *See* Tr. pp. 116-117.

vey and was, therefore, liable for its cost.

Circuit Court granted summary judgment, finding that Godley had not, expressly or impliedly, contracted for the survey. At a subsequent hearing, Godley was awarded $21,800 attorney's fees.

## ISSUE

1. Was summary judgment properly granted?
2. Was Godley properly awarded $21,800 attorney's fees?

## DISCUSSION

### I. *Summary Judgment*

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Standard Fire Ins. Co. v. Marine Contracting and Towing*, 301 S.C. 418, 392 S.E. (2d) 460 (1990). "Summary judgment can be granted when plain, palpable and indisputable facts exist on which reasonable minds cannot differ." *Byerly v. Connor*, — S.C. —, —, 415 S.E. (2d) 796, 799 (1992).

Trico contends that, in *allowing* Charania to have the survey done, and in *allowing* its realtor to assist in negotiating the price, Godley effectually "authorized" the survey, and, thereby, became liable for the $21,800 cost. This contention eschews the clear language of the controlling statute:

S.C. Code Ann. § 29-5-21 (1991) provides:

> A surveyor who surveys real estate *by virtue of an agreement with the owner of such real estate* shall be considered to have furnished material for the improvement of real estate within the meaning of § 29-5-20. (Emphasis supplied.)[2]

Trico relies upon numerous facts to create a genuine issue:

(1) Prior dealings between Trico and Godley;
(2) Charania's alleged introduction to Trico's president by the Realtor, Lombard;

---

[2]Prior to passage of this section in 1978, a "survey" was not considered an "improvement to real estate" under the mechanic's lien statute. *See Johnson v. Barnhill*, 279 S.C. 242, 306 S.E. (2d) 216 (1983).

(3) Charania's need of a wetlands survey to determine whether the property could be developed;

(4) Realtor's repeated inquiries to Trico concerning completion of the survey;

(5) Realtor's acquisition of a copy of the completed survey.[3]

Viewed in the light most favorable to Trico, this evidence fails to create a genuine issue that an agreement existed between Godley and Trico for performance of the survey.

No precedent decision of this Court has specifically defined "agreement" in the context of mechanic's liens. We have, however, held that "consent . . . implies more than a mere acquiescence in a state of things already in existence." *C.B. Company v. Collins*, 269 S.C. 688, 239 S.E. (2d) 725 (1977). Here, Godley's permission to Charania to perform the survey does not constitute an "agreement" contemplated by the mechanic's lien statute. At most, Godley's consent was an acquiescence for Trico to go upon the land.

Accordingly, summary judgment was properly granted.[4]

## II. *Attorney's Fees*

Trico next asserts that the award of $21,800 attorney's fees is unreasonable. We disagree.

S.C. Code § 29-5-20 provides:

If the party defending against the lien prevails, the defending party *must* be awarded costs of the action and a reasonable attorney's fee as determined by the Court. The fee and the Court costs may not exceed the amount of the lien. (Emphasis supplied.)

Here, Godley's lawyer provided a detailed affidavit itemizing time and expenses, and a resumé of her qualifications. Pursuant to the statute, trial court reduced Godley's claim for $27,999.03 attorney's fees to $21,800, the amount of the underlying lien. Finally, trial court considered the factors requisite to an award of attorney's fees. *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E. (2d) 313 (1991).

---

[3] The survey was also given by Trico to other area realtors.

[4] We reject Trico's assertion that Circuit Court improperly ruled on the issue of implied contract. The issue was argued to the trial judge and, was, therefore, properly ruled upon.

We find no abuse of discretion in the award.
The judgment below is

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.