23963

Frank B. NORRIS, John W. Popp, Jr., M.D., J. Scott Strohecker, M.D., and William R. Taylor, Respondents v. Albert R. HEYWARD, III, Appellant.

(439 S.E. (2d) 264)

Supreme Court

*Deborah R.J. Shupe,* of *Berry, Dunbar, Daniel, O'Connor & Jordan,* and *William A. Strait* of *Anderson, Lowder & Strait,* Columbia, *for appellant.*

*Charles E. Carpenter, Deborah L. Harrison,* and *Frederick A. Crawford, Richardson, Plowden, Grier & Howser,* Columbia, *for respondents.*

Heard Oct. 20, 1993.

Decided Dec. 13, 1993.

MOORE, Justice:

This is an appeal from the master's order granting respondents a continuing judgment and dismissing appellant's counterclaim. We reverse and remand.

### · FACTS

In December 1985 appellant Albert R. Heyward and respondents entered into a partnership agreement to purchase a mini-storage facility in Panama City, Florida. Heyward had a 50.4% interest in the partnership and respondents each had a 12.4% interest. These interests were later amended so that Heyward possessed 40% and each respondent 15%.

The mini-storage facility began losing money in 1986. In 1987, with the facility continuing to lose money, each partner was required to contribute money to fund the losses in the same percentage as their ownership interest. The facility was put up for sale in September 1988. On May 24, 1989, Heyward

informed respondents he could not contribute any more money and was withdrawing from the partnership. Respondents brought this action against Heyward for breach of the partnership agreement seeking reimbursement for his share of the losses incurred by the partnership prior to his withdrawal and continuing until the facility sells. Heyward counterclaimed seeking, among other things, an accounting.

The master dismissed Heyward's counterclaim and entered judgment for respondents in the amount of $54,315.20 with 14% pre-judgment interest. The master's order also provided for amendment of the judgment upon notice and the filing of affidavits alleging any future capital contributions made on behalf of Heyward. Heyward appealed and the Court of Appeals certified the case to this Court because of the novel issue whether a judge can order a continuing judgment.

## ISSUES
1) Did the master err in awarding a continuing judgment?
2) Did the master err in dismissing Heyward's counterclaim?

## DISCUSSION
In his order, the master ruled the judgment would be continuing and upon submission of a Motion to Amend Judgment and affidavits, respondents could amend the judgment to reflect additional payments for reimbursement. Heyward argues the master erred by ordering a continuing judgment. We agree.

Under Rule 59(e), SCRCP, a motion to alter or amend the judgment must be served not later than 10 days after the receipt of written notice of the entry of the order. This is the only procedure for a party to amend a judgment. There is no procedure allowing a continuing judgment. The procedure in civil courts must conform to the SCRCP. *Baughman v. AT&T*, 298 S.C. 127, 378 S.E. (2d) 599 (1989). We find the master erred in ordering a continuing judgment.

The master also dismissed Heyward's counterclaim seeking an accounting. Heyward argues the master erred in dismissing his counterclaim. We agree.

Both parties agree that Heyward's withdrawal from the partnership effectuated a dissolution of the partnership on

May 24, 1989. *See also* S.C. Code Ann. § 33-41-930(1) (1990). Under S.C. Code Ann. § 33-41-1090 (1990) the right to an accounting accrues to any partner against the partnership continuing the business. Heyward argues respondents elected to continue the partnership by a letter dated July 24, 1989.

In the letter respondents state: *"Pursuant to Article VIII* of the above-referenced Partnership Agreement, enclosed herewith is a copy of our election to continue the partnership business." Respondents contend this letter merely evidenced their consent to continue the business in order to wind it up. We disagree.

Article VIII of the partnership agreement provides in pertinent part: "The death, insanity, bankruptcy, or withdrawal from the partnership of any partner . . . shall dissolve the partnership unless within sixty (60) days thereafter the remaining partners shall elect to continue the partnership business, which election shall be evidenced by notice being sent to each partner within sixty (60) days of the occurrence of the event giving rise to the election. In the event of such election, the partnership shall continue with the remaining partners. . . ." We find respondents elected to continue the partnership as evidenced by the July 24th letter which specifically refers to Article VIII. Therefore, Heyward is entitled to an accounting pursuant to § 33-41-1090.

Furthermore, "[a]n accounting and settlement between co-partners is a condition precedent to an action by one partner against another on partnership claims and transactions." 68 C.J.S. *Partnership* § 110 (1950). *See also Peeples v. Hornik,* 153 S.C. 321, 150 S.E. 802 (1929); *Bray v. Head,* — S.C. —, 429 S.E. (2d) 842 (Ct. App. 1993); *Burch v. Ashburn,* 295 S.C. 274, 368 S.E. (2d) 82 (Ct. App. 1988). *Cf. Lawson v. Rogers,* 435 S.E. (2d) 853 (S.C. Sup. Ct. 1993).

Based on the foregoing, we reverse the master's order and remand for an accounting. We need not address Heyward's remaining issue.

Reversed and remanded.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.