2401

NATIONSBANK, as successor to Citizens & Southern National Bank of South Carolina, As Trustee Under the Will of Edwin Boyle, Jr., Respondent v. SCOTT FARM, a Limited Partnership, Fred G. Scott, Jr., General Partner, and Fred G. Scott, Jr., Appellants.

(465 S.E. (2d) 98)

Court of Appeals

*Fred G. Scott, Jr.*, Mount Pleasant, *for appellants.*

*Robert A. Kerr Jr., Buist, Moore, Smythe & McGee*, North Charleston, *for respondent.*

Submitted Sept. 12, 1995.

Filed Oct. 30, 1995; Reh. Den. Dec. 20, 1995.

*Per Curiam*:

Respondent, NationsBank, acting in its capacity as Trustee under the Will of Edwin Boyle, Jr., brought this action to collect on a promissory note executed by appellants, Scott Farm, a limited partnership, and Fred G. Scott, Jr., its general partner (collectively referred to as "Scott Farm"). The trial court granted NationsBank's motion for summary judgment, and Scott Farm appeals. We affirm.

Dr. Edwin Boyle, Jr., owned a 31.5% partnership interest in Creekside Land Company, a limited partnership organized for the purpose of acquiring real property and developing a residential subdivision. Fred G. Scott, Jr., was Creekside's general partner. In 1978, Dr. Boyle divested himself of a portion of his partnership interest by assigning it to Scott Farm, a limited partnership formed to become substituted limited partner in Creekside. The consideration was a purchase money note given by Scott Farm and secured by a mortgage of all developed lots in Creekside.[1] In 1979, Dr. Boyle assigned his remaining interest in Creekside to Scott Farm in exchange for a note for the principal sum of $60,000, together with interest thereon at the fixed rate of ten percent per annum. Scott Farm secured the note with, according to Scott Farm, a "pledge of Scott Farm's Creekside Land Company partnership interest."

This latter note was renewed several times including a renewal in December 1990, between Citizens & Southern National Bank of South Carolina, as trustee under the Will of Edwin Boyle, Jr., and Fred G. Scott, Jr., on behalf of Scott Farm.[2] Under the terms of the note, all unpaid principal and all accrued but unpaid interest were due and payable in a single installment on June 30, 1992. The note also stated Scott

---

[1] The mortgage provided:

> And it is agreed, that the mortgagees waive the recovery of any deficiency judgment against mortgagor in the event of foreclosure and loan hereby secured is a charge solely upon the premises herein conveyed and shall not be recoverable otherwise.

[2] NationsBank is the successor in interest to Citizens & Southern National Bank of South Carolina.

Farm "expressly agrees . . . to remain and continue bound for the payment . . . notwithstanding any extension . . . or any change or changes by way of release or surrender of any collateral held as security for this Note." The note further provided if it was placed with an attorney for collection, then all costs of collection, including an additional sum of ten percent on the full amount due, was to be added as attorney's fees. Nowhere in the note was it stated that it was a renewal of any obligation.

Scott Farm admits default on the note, but denies NationsBank has the right to a monetary judgment. Rather, Scott Farm claims the note is part of a larger buyout scheme wherein in 1978 Dr. Boyle agreed to sell his partnership interest to Scott Farm over a two-year period, "with Dr. Boyle assigning a portion of his limited partnership interest in 1978 and granting an option to Scott Farm to purchase the remaining portion in 1979." Scott Farm further claims the instant note "represents renewal of the [obligation affecting the] second part of the buyout of Dr. Boyle's interest in Creekside Land Company. An implied condition of this note was that recovery on default would be limited to the real property in Creekside." Specifically, Scott Farm claims the note involved in this suit is simply a renewal of the 1979 note given by Scott in payment of the purchase price of the second portion of Dr. Boyle's partnership interest buyout, and that an implied condition of the 1979 note was that Dr. Boyle would not seek a deficiency judgment if any portion of the debt represented by the 1979 note and any renewals thereof remained unpaid after foreclosure of the 1978 mortgage.[3]

Based on the motion of NationsBank, the affidavits and pleadings in the file, and the failure of Scott Farm's attorney to appear at the hearing on the motion, the trial court granted summary judgment for NationsBank.[4]

Summary judgment is proper when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP. Summary judgment should be granted when plain, palpable, and undisputable facts exist on which reasonable

---

[3] According to Scott Farm, the note which the 1978 mortgage secured has been satisfied.

[4] Although Scott Farm served a memorandum and Affidavit opposing summary judgment, it failed to attend the hearing on NationsBank's motion.

minds cannot differ. *Trico Surveyings, Inc. v. Godley Auction Co.*, 314 S.C. 542, 431 S.E. (2d) 565 (1993). In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 443 S.E. (2d) 392 (1994). In order to resist a motion for summary judgment, the nonmoving party must come forward with specific facts showing genuine issues necessitating trial. *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 410 S.E. (2d) 537, (1991). Once a party moving for summary judgment carries the initial burden of showing an absence of evidentiary support for the nonmoving party's case, the nonmoving party may not simply rest on mere allegations or denials contained in the pleadings. *Id.*

We disagree with Scott Farm's contention that the note herein sued upon was subject to the terms of the 1978 mortgage wherein recovery was limited to the proceeds from the sale of the property. The burden of proof of waiver is on the party asserting it. *Frady v. Smith*, 247 S.C. 353, 147 S.E. (2d) 412 (1966). Where an implied waiver is claimed, caution must be exercised. *Zeller v. Cumberland Truck Sales*, 272 S.C. 558, 253 S.E. (2d) 111 (1979). The parties to the 1978 mortgage are Creekside Land Company and Heins, Boyle Paul, and Spicer. The parties to the 1990 note herein sued on are Boyle's successor in interest, NationsBank, and Scott Farm. The note does not state it is governed by or subject to any other agreement, nor does it state that it is a renewal of any obligation. Although Heins, Boyle, Paul, and Spicer agreed to waive the recovery of any deficiency judgment as pertains to the debt owed them in 1978, this waiver cannot be imputed to the 1990 transaction. *See Burch v. Ashburn*, 295 S.C. 274, 368 S.E. (2d) 82 (Ct. App. 1988) (the terms of a separate agreement which is not intended to affect the note at all may not be used to defeat enforcement according to its own tenor, even though the note and the agreement arise from the same transaction).

Even if the initial transaction between Boyle and Scott Farm incorporated the waiver of deficiency judgment the note at issue explicitly rejects the waiver. The note provides:

> [Upon] default . . . said principal sum . . . shall become at once due and payable.
>
> \*        \*        \*        \*        \*        \*
>
> The undersigned [Scott Farm] agrees . . . to remain and continue bound for the payment of the principal and interest . . . not withstanding any . . . change or changes by way of release or surrender of any collateral held as security for this Note.

Where there is an irreconcilable difference between a note and the mortgage given to secure the note,[5] the terms of the note prevail. 55 Am. Jur. (2d) *Mortgages* § 176 (1971); *see also Burch,* 295 S.C. 274, 368 S.E. (2d) 82 (a separate agreement may not be used to contradict the unambiguous terms of the note). We find the terms of the note inconsistent with the waiver clause in the 1978 mortgage. Thus, the terms of the note control, and the clear language of the note refutes Scott Farm's argument that the note is part of a nonrecourse obligation.

■ Scott Farm also argues the trial court erred in granting attorney's fees of $6,000 in accordance with the terms of the contract. We disagree. The general rule is that attorney's fees are not recoverable unless authorized by contract or statute. *Baron Data systems, Inc. v. Loter,* 297 S.C. 382, 377 S.E. (2d) 296 (1989). The note provides:

> . . . all cost of collection, including the further and additional sum of ten (10%) percent on the full amount due hereon, shall be added hereto as attorney's fees secured and collectible as the principal hereof.

This clause was enforced in the judgment awarding principal of $60,000.00, interest of $20,034.94, and attorney's fees of $6,000 to NationsBank. Scott Farms maintains the $6,000 award of attorney's fees was unreasonable.

---

[5] While the 1990 note states it is secured by mortgage of Creekside Land Company (presumably the 1978 mortgage), there is no indication on the 1978 mortgage that it covered future advances, loans or debts owed by Scott Farm to Dr. Boyle and his successors. Moreover, we do not see how Scott Farm could in 1990 modify the terms of the 1978 mortgage from Creekside to Dr. Boyle, to which it was neither a party to, nor the owner of the real estate covered by that mortgage.

In South Carolina, where a contractual obligation provides only that a party is to pay "reasonable attorney's fees," the amount is unliquidated and, therefore, requires a finding on the reasonableness of the award. On the other hand, where a contractual provision in a note provides for attorney's fees at a specific rate, the amount of attorney fees is governed by the contract. *Dedes v. Strickland,* 307 S.C. 155, 414 S.E. (2d) 134 (1992). *See also Thomas & Howard Co. v. T.W. Graham and Co.,* — S.C. —, 457 S.E. (2d) 340 (1995). We find the trial court properly determined the attorney's fees by looking to the terms of the contract.

Accordingly, the order of the trial court is

Affirmed.

CURETON, GOOLSBY and HEARN, JJ., concur.