688 S.E.2d 579

**Marvin STEWART, individually and in his capacity as the chairman of, and as a duly elected member of Constituent School District 20; Pam Kusmider, individually and as a duly elected member of Constituent District 20; Tara Lowry, as an individual; and Constituent District Number 20, Appellants,**

**v.**

**CHARLESTON COUNTY SCHOOL DISTRICT, Respondent.**

**No. 4613.**

Court of Appeals of South Carolina.

Submitted April 23, 2009.

Decided Aug. 31, 2009.

Withdrawn, Substituted, and Refiled Oct. 27, 2009.

Lawrence C. Kobrovsky, of Charleston, for Appellants.

Alice F. Paylor, of Charleston, for Respondent.

KONDUROS, J.

Marvin Stewart, Pam Kusmider, Tara Lowry, and Constituent School District 20 (collectively Appellants) appeal the circuit court's ruling that the Charleston County School District Board (CCSD) has the authority to set attendance guidelines for Buist Academy, a school physically located in Constituent School District 20 (District 20), for intellectually gifted students.[1]  Appellants also appeal the circuit court's finding that the hearing before the CCSD did not violate their due process rights.  We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The South Carolina General Assembly consolidated the eight individual school districts in Charleston County into the Unified Charleston County School District in 1967.  *See* Act No. 340, 1967 S.C. Acts 470 (the Act).  The eight individual districts, including District 20, called constituent districts,

---

1.  District 20 is comprised of the peninsular area of Charleston County.

remained in existence under the umbrella of the CCSD with the authority to control certain aspects of the running of their own districts.

Buist Academy is a county-wide magnet school established by the CCSD for intellectually gifted children. The school is physically located within the confines of District 20. As of 2003, admission to Buist Academy was determined on the following basis: priority for one-fourth of available openings was given to students residing in District 20; priority for another one-fourth of openings was reserved for siblings of Buist Academy students; priority for one-fourth of openings was given to students who would otherwise attend low-performing schools; and priority for the final one-fourth of seats would be equal among students county-wide. The applications for the school have always exceeded the available openings, and a lottery is used at the kindergarten level to select students who will be tested to determine if they meet the academic requirements for admission.

In January 2006, the District 20 Board adopted a motion giving priority for all seats to qualified students residing in District 20. Any remaining seats would be given to siblings of current Buist Academy students. The principal of Buist Academy, Sallie Ballard, appealed that action to the CCSD alleging the District 20 Board did not have the authority to set attendance guidelines for the school. Principal Ballard was represented by CCSD's attorney, Alice Paylor, and Paylor's services were paid for by CCSD. Additionally, Paylor had recently represented the CCSD Chairperson, Nancy Cook, in a legal matter free of charge.

On June 13, 2006, the CCSD began a hearing to consider the propriety of the District 20 Board's action, but the hearing was adjourned. The hearing was not reconvened until September 29, 2007. In the interim, Appellants filed an action seeking to require the CCSD to recognize the January 2006 motion changing the admission guidelines for Buist Academy.

When the hearing before CCSD was resumed, the CCSD voted that the January 2006 motion was null and void. Appellants appealed that outcome alleging the CCSD erred in declaring the January 2006 motion null and void and that their due process rights were violated because Paylor worked for

CCSD and represented Ballard in her appeal to that body. Following a bench trial, the circuit court determined the CCSD Board had the authority to set the attendance guidelines for Buist Academy and Appellants had received due process during the hearing. This appeal followed.

## STANDARD OF REVIEW

In this case, our standard of review is mixed. Whether Act 340 empowered the District 20 Board to establish attendance guidelines for Buist Academy calls for interpretation of the Act. Statutory interpretation is a question of law for the court to be made without any particular deference to the lower court. *Thompson ex rel. Harvey v. Cisson Constr. Co.*, 377 S.C. 137, 154, 659 S.E.2d 171, 180 (Ct.App. 2008). Whether the hearing before the CCSD Board violated Appellants' due process rights was a factual question before the circuit court. In an action at law, tried without a jury, the appellate court will not disturb the circuit court's findings of fact unless no evidence reasonably supports them. *Townes Assoc. Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

## LAW/ANALYSIS

### I. Attendance Policy

Appellants contend the District 20 Board has the authority to determine which students would attend Buist Academy pursuant to Section 7(1) of the Act. We disagree.

"In interpreting statutes, the [c]ourt looks to the plain meaning of the statute and the intent of the Legislature." *State v. Dingle*, 376 S.C. 643, 649, 659 S.E.2d 101, 105 (2008). "All rules of statutory construction are subservient to the maxim that legislative intent must prevail if it can be reasonably discovered in the language used." *State v. Pittman*, 373 S.C. 527, 561, 647 S.E.2d 144, 161 (2007). In ascertaining that intent, the "court should not focus on any single section or provision but should consider the language of the statute as a whole." *Mid–State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996).

■ Here, each party claims authority to set attendance guidelines for Buist Academy under different sections of the Act. Appellants contend the District 20 Board should set admissions guidelines at Buist Academy because it has authority to "determine the school within such constituent district in which any pupil shall enroll." Act No. 340, § 7(1), 1967 S.C. Acts 470. We interpret this language to mean a constituent district may determine what school within that district a student who resides in the district will attend. Because Buist Academy's attendance zone is county-wide, the authority given to a constituent district under section 7(1) is not really implicated in this case as it does not involve the constituent district making an assignment to a traditional neighborhood school.

On the other hand, section 5(8) of the Act states the CCSD has the authority to "provide for intellectually gifted children a program which shall challenge their talents." Act No. 340, § 5(8), 1967 S.C. Acts 470. District 20 argues a "program" and a "school" are not the same and the legislature purposefully employed the terms to mean two different things. While the term program is not defined in the Act, we do not conclude the term program cannot be interpreted to encompass the creation of a county-wide magnet school such as Buist Academy. It could likewise, as Appellants suggest, refer to the establishment of a program within a pre-existing neighborhood school.[2]

■ Statutes dealing with the same subject matter are to be construed together, if possible, to produce a harmonious result. *Joiner ex rel Rivas v. Rivas,* 342 S.C. 102, 109, 536 S.E.2d 372, 375 (2000). The adoption of Appellants' interpretation of the Act would be inconsistent with the authority given to CCSD under section 5(8). Additionally, the constituent districts only have the powers bestowed upon them by the Act in Sections 6 and 7. *See* Act No. 340, § 5, 1967 S.C. Acts 470 ("In addition to the duties, powers and responsibilities now provided by law for county boards of education, and for

---

2. In a similar vein, the CCSD administers programs for handicapped students on an interdistrict basis based on the authority given in section 5. *See* Act No. 340, § 5(8), 1967 S.C. Acts 470 ("The CCSD shall [p]rovide for physically and mentally handicapped children educational programs organized and conducted in cooperation with the social or civic organizations and agencies in the county or community.").

school district trustees other than those devolved upon the constituent trustees in Sections 6 and 7 of this act, the Board of the Charleston County School District shall. . . ."). Those powers granted to the constituent districts are subject to appeal to the CCSD. *See* Act No. 340, § 7, 1967 S.C. Acts 470 ("The trustees in each of the constituent districts shall have the power in their respective districts, subject to the appeal to the Board of Trustees of the Charleston County School District. . . ."). Therefore, because section 7(1) does not empower the District 20 Board to set attendance guidelines at Buist Academy, that authority is vested in the CCSD.

Our adoption of Appellants' position as to the Act would not seem to reflect legislative intent. Placing all emphasis on the physical location of a school such as Buist Academy would permit a constituent school district to monopolize a county-wide magnet school to the exclusion of all other students in the county. That interpretation of the Act leads to an absurd result unintended by the General Assembly. *See Unisun Ins. Co. v. Schmidt*, 339 S.C. 362, 368, 529 S.E.2d 280, 283 (2000) ("We will reject a statutory interpretation when to accept it would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention."); *Miller v. Lawrence Robinson Trucking*, 333 S.C. 576, 582, 510 S.E.2d 431, 434 (Ct.App.1998) ("The interpretation of a term set forth in a statute should support the statute and should not lead to an absurd result."); *see also TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998) ("Statutes, as a whole, must receive practical, reasonable, and fair interpretation, consonant with the purpose, design, and policy of lawmakers."). Consequently, we cannot adopt the interpretation of this statute proposed by Appellants, and we conclude the circuit court properly found Act 340 grants the CCSD ultimate authority with respect to setting admission criteria for Buist Academy.

## II. Due Process Rights

Appellants further contend the conduct of the hearing before the CCSD violated their due process rights. We disagree.

▆▆▆ The circuit court concluded the CCSD did not waive its right to hear Ballard's appeal because of the delay in the institution of the hearing in June 2006 and its resumption in September 2007. The record reflects the CCSD instructed the attorneys for both parties to set up a time for reconvening the hearing. This was not done. Furthermore, the record shows the CCSD and the District 20 Board were working on a compromise to satisfy all parties during the hiatus, but those negotiations were ultimately unsuccessful. The circuit court concluded Appellants should have filed a writ of mandamus compelling the CCSD Board to act if the delay was unacceptable.[3] While a writ of mandamus may or may not have been the proper procedural step for Appellants, the record shows the delay in reconvening the hearing was at least in part due to the ongoing negotiations between the two school boards and the failure of both parties to pursue rescheduling the matter. In addition, the record shows all the qualified students from District 20 who sought admission to kindergarten in 2007 were admitted. So any delay, regardless of cause, did not clearly prejudice District 20 students.[4] Under those circumstances, the record supports the circuit court's conclusion that the delay did not violate Appellants' rights.

▆▆▆ The circuit court found Appellants presented no evidence of substantial prejudice created by Paylor's prior representation of Cook.[5] *See Felder v. Charleston County Sch. Dist.,* 327 S.C. 21, 26, 489 S.E.2d 191, 193 (1997) ("Substantial prejudice is required to establish a violation of due process."). Likewise, the circuit court found no evidence Paylor had advised the CCSD Board while representing Ballard in the hearing before it. *See* Rule 1.8(*l*), RPC, Rule 407, SCACR

---

3. "The primary purpose of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created or imposed by law." *Wilson v. Preston,* 378 S.C. 348, 353, 662 S.E.2d 580, 583 (2008).

4. Testimony in the record shows that two first-graders high on the waiting list for District 20 students may have been admitted in 2007 under the policy adopted by the District 20 Board provided vacancies became available.

5. While the circuit court's conclusions are supported by the record, we caution elected officials and attorneys to avoid even the appearance of impropriety in matters of public concern.

("In any adversarial proceeding, a lawyer shall not serve as both an advocate and an advisor to the hearing officer, trial judge or trier of fact."). We find the circuit court's conclusions are supported by the record.

For all of the foregoing reasons, the ruling of the circuit court is

**AFFIRMED.**

HEARN, C.J., and THOMAS, J., concur.