THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 JB Properties
 of SC, LLC, Respondent,
 
 
 

v.

 
 
 
 South Carolina
 Coast and Lakes, LLC, Appellant.
 
 
 

Appeal From York County
 S. Jackson Kimball, III, Special Circuit
Court Judge

Unpublished Opinion No. 2011-UP-358
 Submitted June 1, 2011  Filed June 30,
2011    

AFFIRMED

 
 
 
 Samuel W. Outten, of Greenville, for
 Appellant.
 Lucy London McDow, of Rock Hill, for
 Respondent.
 
 
 

PER CURIAM: Appellant South Carolina Coast and Lakes, LLC (Lakes)
 appeals the order of the trial court following a bench trial in favor of
 Respondent JB Properties of SC, LLC (JB) on its breach of contract claim.  On
 appeal, Lakes argues the court erred by misinterpreting the "best
 efforts" clause in the parties' agreement and finding that JB had not
 impliedly waived a claim for broker's fees.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As to whether the court erred by
 misinterpreting the "best efforts" clause in the parties' agreement,
 we find that the record supports the findings of the trial court that JB was
 not in breach of the parties' Agreement. See Townes Assocs., Ltd. v.
 City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In
 an action at law, on appeal of a case tried without a jury, the findings of
 fact of the judge will not be disturbed upon appeal unless found to be without
 evidence which reasonably supports the judge's findings."); Stewart v.
 Charleston Cnty. Sch. Dist., 386 S.C. 373, 378, 688 S.E.2d 579,
 581 (Ct. App. 2009) ("In an action at law, tried without a jury, the
 appellate court will not disturb the [trial] court's findings of fact unless no
 evidence reasonably supports them.").  Moreover, to the extent Lakes
 focuses its appeal on the failure of the circuit court to make factual findings
 regarding: (1) whether JB had adequate sales people or staff to secure contracts
 for sale on the project and adequately directed the efforts of such staff; (2)
 whether JB was providing additional information to customers and/or their
 agents in effecting the sale of property; and (3) whether JB was keeping Lakes
 informed as to the progress of finding prospective buyers, JB should have
 specifically asked the trial court to address these three grounds via a motion
 to alter or amend pursuant to Rule 59(e), SCRCP.  See Travelscape,
 LLC v. S.C. Dep't of Revenue, 391 S.C. 89, 109, 705 S.E.2d 28,
 39 (2011) (noting that a proper use of a Rule 59(e) motion is to preserve issues raised to but not ruled upon by the trial
 court). 
2.  As to whether JB impliedly waived
 a claim for broker's fees, the record supports the trial court's finding that
 Lakes did not carry its burden of proof in regard to the defense of waiver. See Sanford v. S.C. State Ethics Comm'n, 385 S.C. 483, 496-97, 685
 S.E.2d 600, 607 (2009) ("Waiver requires a party to have known of a
 right and known that right was being abandoned."); Zeller v. Cumberland
 Truck Sales, 272 S.C. 558, 562, 253 S.E.2d 111, 113 (1979)
 ("[W]here an implied waiver is claimed, caution must be exercised, for
 waiver will not be implied from doubtful acts.");  King v. James, 388
 S.C. 16, 30, 694 S.E.2d 35, 42 (Ct. App. 2010) ("In order for a party
 to waive a right, the party must have known of the right and known that the
 right was being abandoned . . . . The determination of whether one's actions
 constitute waiver is a question of fact.").   
3.  As to all remaining arguments, we
 find these arguments not preserved for our review.  See Travelscape,
 LLC, 391 S.C. at 110, 705 S.E.2d at 39 ("[A]n issue must be
 raised to and ruled upon by the trial court in order to be preserved for
 appellate review."). 
AFFIRMED. 

FEW, C.J., PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.