# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

ABB, Inc., and BFP, LP, a/k/a Bullington Family
Partnership, Respondents,

v.

Integrated Recycling Group of SC, LLC, John Murphy
Armstrong, Jr., and Michael T. Armstrong, Appellants.

Appellate Case No. 2017-001943

Appeal from Spartanburg County
J. Derham Cole, Circuit Court Judge

Opinion No. 5793
Heard March 10, 2020 – Filed January 27, 2021

**AFFIRMED**

J. Falkner Wilkes, of Greenville, for Appellants.

Gregory Jacobs English, of Wyche Law Firm, of
Greenville, for Respondents.

**LOCKEMY, C.J.:** Integrated Recycling Group of SC, LLC (IRG), John Murphy
Armstrong, and Michael T. Armstrong (collectively, Debtors) appeal the circuit
court's order granting summary judgment in favor of ABB, Inc. and BFP, LP
(collectively, Creditors). Debtors argue the circuit court erred by (1) finding the
collateral at issue was personal property rather than a fixture and (2) failing to find
Creditors lost their priority over the collateral when their UCC-1 filing lapsed. We
affirm.

## FACTS/PROCEDURAL HISTORY

In 2005, Creditors loaned Debtors approximately $5 million (the ABB Loan). Creditors filed a complaint against Debtors to collect the debt March 16, 2011. IRG then filed for bankruptcy. To settle their claims as to both actions, Debtors and Creditors entered into a debt settlement agreement (the Settlement Agreement) on October 27, 2011, with an effective date of November 10, 2011. Pursuant to this agreement, IRG executed a promissory note (the Note) in favor of Creditors for $1.4 million with an interest rate of 4% per annum. The Note provided that after five years all remaining principal and interest were to be due and fully payable as a balloon payment. IRG signed a blanket continuing security agreement granting Creditors a security interest in IRG's "inventory, general intangibles, accounts, chattel paper, instruments and documents, equipment, commercial tort claims, letter-of-credit rights, and all parts, replacements, substitutions, profits, products, accessions and cash and non-cash proceeds and supporting obligations of any of the foregoing." To further secure the loan, Debtors signed a "continuing Pelletizer security agreement" (the Pelletizer Agreement) giving Creditors a security interest in a "60 Ton Air Cooled Pelletizing Machine/Cooler, Model #NGR105VSP, Series #Q02028" (the Pelletizer). IRG defaulted on the Note by failing to pay interest from August through November of 2016 and by failing to pay the full balance of the debt when it became due on November 10, 2016. Creditors then instituted this action against Debtors to collect the debt and enforce their security interest in the Pelletizer and other collateral.

The Settlement Agreement defined "the Assets" of IRG as IRG's "Accounts Receivable, Equipment, Furniture, Fixtures, Inventory, Instruments, Chattel Paper, and General Intangibles." The Settlement Agreement stated, "[O]n March 27, 2006, to . . . secure the ABB Loan, ABB filed a UCC-1 Financing Statement, along with a UCC-3 Continuation" against IRG's Assets. Additionally, IRG agreed "the 2006 UCC [wa]s a valid, perfected lien on the Assets of [IRG] and that such lien secure[d] the Debt." Further, as part of the Pelletizer Agreement, which was executed simultaneously with the Settlement Agreement, Debtors agreed Creditors held a "valid and perfected security interest in the [Pelletizer]."

John Murphy and Michael Armstrong (the Armstrongs) filed an answer in their individual capacities, and IRG answered separately. The circuit court subsequently issued a consent order relieving IRG's counsel; however, IRG never retained new counsel. In their answer, the Armstrongs admitted Debtors entered into the Settlement Agreement with Creditors and signed the Pelletizer Agreement giving Creditors a security interest in the Pelletizer.

Thereafter, Creditors moved for summary judgment. In support of their motion, Creditors submitted the affidavit of Bryan Bullington, the Settlement Agreement and the exhibits attached to and incorporated in the Settlement Agreement, including the security agreements and UCC financing statements. Creditors also moved to strike IRG's answer and for default judgment against IRG. In his affidavit, Bullington stated he was the vice president of Creditors, whom he attested held a duly perfected first security interest in the Pelletizer and other collateral of Debtors pursuant to the UCC-1 financing statements filed with the South Carolina Secretary of State and attached to the motion. Further, he stated Creditors provided the purchase money for all collateral and the Pelletizer.

The Armstrongs filed an affidavit in opposition to Creditor's motion for summary judgment. They attested the "heavy equipment that was installed in the building" constituted a fixture because it was "very large," "bolted down," and "very difficult to move in and out of the plant." The Armstrongs stated a third party held a mortgage on the real property where this equipment was located and the mortgage attached to all fixtures on the property. The Armstrongs stated the mortgagee would have priority over Creditors' security interest because Creditors' UCC-1 financing statement had lapsed. In response, Creditors submitted a second affidavit of Bullington, who attested the collateral was "personal property that c[ould] be removed from the real property without damaging it" and therefore was not covered by the third-party mortgage.

At the hearing on their motions, Creditors argued the Armstrongs' affidavit was not made on personal knowledge pursuant to Rule 56, SCRCP, and did not raise any genuine issue of material fact. No counsel appeared on behalf of IRG at the hearing. The Armstrongs argued "the equipment" was a fixture because it was "very heavy equipment and would take a very—would be very difficult to remove." They asserted the mortgage on the real property attached to the equipment and had priority. Creditors argued that as between Debtors and Creditors, the record contained a financing statement and security agreement covering the collateral and any issue of priority between third parties was irrelevant. The Armstrongs stipulated the principal balance of $1,146,923.12 was due under the Note.

The circuit court granted summary judgment in favor of Creditors. The court found Creditors held a "duly perfected first security interest in the Collateral and [the] Pell[e]tizer." The court concluded the collateral and the Pelletizer were not fixtures or improvements but personal property and Creditors were therefore

entitled to possession of the collateral and the Pelletizer. Additionally, the court struck IRG's answer and granted judgment against it for $1,221,984.06. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err by granting summary judgment in favor of Creditors when it classified the equipment at issue as personal property rather than a fixture?

## STANDARD OF REVIEW

"When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP." *Coker v. Cummings*, 381 S.C. 45, 51, 671 S.E.2d 383, 386 (Ct. App. 2008). Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "To determine if any genuine issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003).

## LAW/ANALYSIS

Debtors argue the circuit court erred by concluding the Pelletizer was personal property because the evidence could reasonably support a finding it became a fixture when it was anchored to the ground and attached to the building.[1] Debtors contend the Armstrongs' affidavit, which stated the Pelletizer was large, heavy, and installed in the building, provided evidence it was a fixture. They argue the only evidence suggesting the Pelletizer was personal property was Creditors' assertion it could be removed without damaging the real property. We disagree.

"Summary judgment should be granted when plain, palpable, and undisputable facts exist on which reasonable minds cannot differ." *NationsBank v. Scott Farm*, 320 S.C. 299, 302-03, 465 S.E.2d 98, 100 (Ct. App. 1995). "When a party makes no factual showing in opposition to a motion for summary judgment, the trial 'court must grant summary judgment to the moving party if, under the facts presented, the

---

[1] Debtors' arguments address the security interest in the Pelletizer rather than any other equipment or collateral.

latter is entitled to summary judgment as matter of law.'" *Coker*, 381 S.C. at 55, 671 S.E.2d at 388 (quoting *S.C. Elec. & Gas Co. v. Combustion Eng'g, Inc.*, 283 S.C. 182, 189, 322 S.E.2d 453, 457 (Ct. App. 1984)). "[T]o resist a motion for summary judgment, the nonmoving party must come forward with specific facts showing genuine issues necessitating trial." *NationsBank*, 320 S.C. at 303, 465 S.E.2d at 100; *see also* Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.").

"A fixture involves a mixed question of law and fact. It is incumbent on the court to define a fixture; but whether it is such in a particular instance depends upon the facts of that case, unless the facts are susceptible of but one inference." *Carson v. Living Word Outreach Ministries, Inc.*, 315 S.C. 64, 70, 431 S.E.2d 615, 618 (Ct. App. 1993). "'Fixtures' means goods that have become so related to particular real property that an interest in them arises under real property law." S.C. Code Ann. § 36-9-102(41) (2003 & Supp. 2019). "A fixture is generally defined as 'an article which was a chattel, but by being physically annexed to the realty by one having an interest in the soil becomes a part and parcel of it.'" *Creative Displays, Inc. v. S.C. Highway Dep't*, 272 S.C. 68, 72, 248 S.E.2d 916, 917 (1978). "Mere affixation does not automatically render property a fixture." *Carjow, LLC v. Simmons*, 349 S.C. 514, 519, 563 S.E.2d 359, 362 (Ct. App. 2002). "An addition made by a person claiming fee simple title is presumed to be a fixture, whereas no presumption arises where the one making the addition has an estate limited in time or use." 18 S.C. Jur. *Fixtures* § 9; *see also Planters' Bank v. Lummus Cotton Gin Co.*, 132 S.C. 16, 23, 128 S.E. 876, 878 (1925) ("[I]t is considered more probable that an improvement, placed on the premises by one who did not own the fee, was placed there for his personal convenience and during the *limited* term of his estate."). "In determining whether an item is a fixture, courts should consider the following factors: '(1) mode of attachment, (2) character of the structure or article, (3) the intent of the parties making the annexation, and (4) the relationship of the parties.'" *Carjow, LLC*, 349 S.C. at 519, 563 S.E.2d at 362 (quoting *Hyman v. Wellman Enters.*, 337 S.C. 80, 84, 522 S.E.2d 150, 152 (Ct. App. 1999)).

First, we find the circuit court did not err by granting summary judgment in favor of Creditors as to IRG. It is undisputed IRG was in default. *See Transp. Ins. Co. v. S.C. Second Injury Fund*, 389 S.C. 422, 431, 699 S.E.2d 687, 691 (2010) ("An unappealed ruling is the law of the case and requires affirmance."). Although IRG

argues for the first time in its reply brief that the circuit court erred by granting Creditors' motion to strike its answer, a party cannot raise an issue for the first time in an appellate reply brief. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit] court."); *Chet Adams Co. v. James F. Pedersen Co.*, 307 S.C. 33, 37, 413 S.E.2d 827, 829 (1992) (holding an issue was waived when the appellant raised it for the first time in its reply brief). Further, IRG failed to oppose the motion for summary judgment in any way. *See Thompkins v. Festival Ctr. Grp. I*, 306 S.C. 193, 196, 410 S.E.2d 593, 594 (Ct. App. 1991) ("[A] party opposing summary judgment may not rest on mere allegations or denials contained in pleadings."). Accordingly, we affirm the circuit court's ruling granting summary judgment in favor of Creditors as to IRG.

Next, viewing the facts in the light most favorable to Debtors, we believe there was no genuine issue of material fact as to whether the Pelletizer was personal property. Although the Armstrongs contend the Pelletizer was a fixture, nothing in their affidavit or the mortgage documents indicated an intent on the part of the Debtors that the Pelletizer or any other equipment was to become a fixture. Their affidavit referred generally to "heavy equipment" but not the Pelletizer specifically. Further, it did not address the nature of the Pelletizer or any other equipment, nor did it describe the relationship of such items to the use of the real property. Rather, the affidavit stated only that the equipment was very heavy, was bolted to the floor, and was difficult to move. Moreover, the Armstrongs did not state they intended any equipment to remain permanently in the building or dispute that the equipment or Pelletizer could be removed from the building without damaging the real property. Finally, the Armstrongs did not dispute Creditors had a valid and enforceable security interest in the Pelletizer or any other collateral identified in the Settlement Agreement. We find the record contains no evidence to show the Pelletizer or any other collateral was a fixture. We conclude the facts were only susceptible to the inference that such items were personal property. Therefore, viewing the facts in the light most favorable to Debtors, we find there was no genuine issue of material fact as to whether the Pelletizer was personal property and the circuit court did not err by granting summary judgment in favor of Creditors.

In light of our disposition of this issue, we need not address Debtors' remaining argument concerning priority. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that when an appellate court's disposition of a prior issue is dispositive, it need not address remaining issues).

**CONCLUSION**

For the foregoing reasons, the circuit court's order granting summary judgment in favor of Creditors is

**AFFIRMED.**

**GEATHERS and HEWITT, JJ., concur.**