## 1714

T.L. THOMPKINS, Respondent v. FESTIVAL CENTRE GROUP I, a Partnership, David Brady, Gary J. Brady, Steven R. Brady, J. Chris Brady, George M. Umholtz, Glenn O. Weaver, Ralph K. Boggs, Michael Williams, Ray Brady and William Hilliard, Defendants, OF WHOM David Brady, Gary J. Brady, Steven R. Brady, J. Chris Brady, George M. Umholtz, Glenn O. Weaver, Ralph K. Boggs, Michael Williams, Ray Brady and William Hilliard, are Appellants. Appeal of David BRADY, Gary J. Brady, Steven R. Brady, J. Chris Brady, George M. Umholtz, Glenn O. Weaver, Ralph K. Boggs, Michael Williams, Ray Brady and William Hilliard.

(410 S.E. (2d) 593)

Court of Appeals

*Bruce A. Berlinsky,* Charleston, *for appellants.*

*Fleet Freeman,* Mt. Pleasant, *for respondent.*

Heard Sept. 16, 1991.

Decided Oct. 28, 1991.

SHAW, Judge:

Respondent, T.L. Thompkins, instituted this action against the appellants for collection of a note. The trial judge granted summary judgment to respondent. We affirm.

The only issue on appeal is whether a genuine issue of material fact exists thereby precluding the granting of respondent's summary judgment motion. Summary judgment is appropriate in those cases in which plain, palpable and undisputable facts exist on which reasonable minds cannot differ. It is not sufficient that one create an inference which is not reasonable or an issue of fact that is not genuine. *Main v. Corley,* 281 S.C. 525, 316 S.E. (2d) 406 (1984). After a review of the record before us, we find the trial judge properly granted summary judgment.

The record shows that respondent is a partner and shareholder in various business entities in which appellants are principals. On September 13, 1988, respondent sold his interest in the various entities to the appellants, taking two promissory notes as part of their agreement. The first note, in the amount of $175,000, was paid and is not in contention. It is the second note, in the amount of $750,000, upon which this suit was instituted.

In his complaint, the respondent alleges the note provides for payment of the entire amount upon the sale of certain real estate and that the appellants conveyed their intention to breach this provision. In their verified answer, the appellants set forth a general denial asserting the terms of the note spoke for itself and the note is the best evidence of any agreement with the respondent. Appellants further asserted as follows:

> The sale of the real estate formerly owned by Festival Group I did not yield a profit to the partnership. It was

anticipated that [respondent] would not be paid until a sale of the property or the obtaining of permanent financing for the property after obtaining leases. The payment to [respondent] of any indebtedness *impliedly was conditioned upon the event that there were profits to the partnership*, and thus to the partners. [Respondent's] attempt to collect the unpaid note in light of the lack of a profit is on attempt to transform what was an equity interest in the partnership into debt. (Emphasis added.)

The note itself provides for payment in installments on September 1, 1989, September 1, 1990, and September 1, 1991 with acceleration of payment in full upon the sale of certain real estate. There is no condition precedent that the sale yield a profit attached to the acceleration provision.

The respondent moved for summary judgment submitting an affidavit that asserted as follows:

At no time was there ever any discussion of the unpaid balance of the purchase price being contingent upon the sale of property at a "profit." The only contingency ever discussed was the balance due would be accelerated upon a sale. I have not received payment of any portion of the $750,000 due under the note in that amount and the real estate mentioned in the note has been sold.

The appellants submitted no affidavits in opposition to the summary judgment motion. The trial judge found there was no dispute as to any material fact and ruled that the respondent was entitled to judgment as a matter of law.

The appellants contend the trial judge erred in granting summary judgment because, viewing the evidence in a light most favorable to them, their verified answer raised a genuine issue of material fact. We disagree.

Rule 56(e) SCRCP, dealing with summary judgment, provides in pertinent part:

The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as

otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, Rule 56(e) specifically provides that a party opposing summary judgment may not rest on mere allegations or denials contained in pleadings. Even if we were to accept appellants' contention that, because their answer was verified it should be treated as if it were an affidavit, the rule still requires the response set forth *specific facts* showing that there is a genuine issue for trial. The mere allegation that the acceleration of payment was "impliedly conditioned" upon the sale of real estate yielding a profit is clearly inadequate to defeat summary judgment under the facts of this case. The order is therefore affirmed.

Affirmed.

CURETON, J., and LITTLEJOHN, Acting Judge, concur.