**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Howard W. Charpia,            Appellant,

v.

Dorchester County Sheriff,
Dorchester County Sheriff's
Office, and Dorchester County
Sheriff's Department,            Respondents.

———————

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-445
Submitted June 1, 2012 – Filed July 18, 2012

———————

**AFFIRMED**

———————

Howard W. Charpia, pro se, of Summerville.

Christopher L. Murphy, of Charleston, for Respondents.

**PER CURIAM:** Howard W. Charpia appeals the trial court's grant of summary judgment to the Dorchester County Sheriff, Dorchester County Sheriff's Office, and Dorchester County Sheriff's Department (collectively, Sheriff's Department) on Charpia's claims of negligence, negligence per se, conspiracy, and collusion. Charpia argues the trial court erred in (1) granting summary judgment to the Sheriff's Department, (2) not considering Charpia's video evidence, and (3) considering evidence of the cancellation of the property sale. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to whether the trial court erred in granting summary judgment to the Sheriff's Department: Rule 56(c), SCRCP (stating summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); Thompkins v. Festival Ctr. Grp. I, 306 S.C. 193, 194, 410 S.E.2d 593, 593-94 (Ct. App. 1991) ("Summary judgment is appropriate in those cases in which plain, palpable and undisputable facts exist on which reasonable minds cannot differ. It is not sufficient that one create an inference which is not reasonable or an issue of fact that is not genuine."); Nelson v. Piggly Wiggly Cent., Inc., 390 S.C. 382, 388, 701 S.E.2d 776, 779 (Ct. App. 2010) ("[S]ummary judgment is completely appropriate when a properly supported motion sets forth facts that . . . are contested in a deficient manner." (internal quotation marks omitted)).

2.      As to Charpia's remaining issues: Langehans v. Smith, 347 S.C. 348, 353, 554 S.E.2d 681, 684 (Ct. App. 2001) (holding an issue not ruled on by the trial court is not preserved for appellate review); Chastain v. Hiltabidle, 381 S.C. 508, 514-15, 673 S.E. 826, 829 (Ct. App. 2009) ("[A]n appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.