**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kathleen M. Rankin, Appellant,

v.

Palatial Homes, Inc. a/k/a Palatial Homes, LLC n/k/a Palatial Homes Design, LLC; Cesar Castro d/b/a Heritage Plastering, Inc. n/k/a Heritage Plastering & Stucco LLC; CMC Steel Works, Inc.; AMI Ironworks LLC a/k/a American Master Ironworks, LLC; Enaldo Urriola d/b/a Advanced Roofing Services n/k/a Ankon Construction Services, LLC; Kelca Counters, Inc.; John Does 1-20; Cambridge Building, Inc.; Two Brothers Plastering, Inc.; William T. Ruarks d/b/a Ruacon Quality Construction; Jimmy J. Metcalf, Jr. d/b/a Quality Roof Services; Ionut D. Istrate d/b/a Island Plasters LLC; 11 Harrogate Drive Realty Trust; Michael Grondahl; Hilton Head Exterminators, Inc.; and Imperial Pest Controllers, Inc.; Defendants,

of which Hilton Head Exterminators, Inc., is the Respondent.

Appellate Case No. 2023-000117

---

Appeal From Beaufort County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-375
Submitted September 1, 2025 – Filed November 12, 2025

---

Glynn Lindsey Capell, of Capell Thomson, LLC, of Bluffton; Charles Whaley Thomson, of Capell Thomson, LLC, of Charleston; and Jesse Sanchez, of The Law Office of Jesse Sanchez, LLC, of Mount Pleasant, all for Appellant.

Stephen Michael Kozick, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondent.

**PER CURIAM:** This is an appeal from the grant of summary judgment on Kathleen Rankin's claim for termite damage to her Hilton Head home. Rankin contends Respondent was negligent in not addressing the fact that part of the exterior insulation and finish system stucco on the home was in contact with the ground during Respondent's termite warranty. Rankin also makes a claim under the implied warranty of workmanship. The circuit court entered judgment for Respondent, finding no evidence of negligence, no duty of care, and that any damages were due to an intervening cause. Because we find Rankin failed to raise a genuine dispute over what Respondent did or did not do at the home, we affirm.

"Summary judgment is proper[] . . . when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Peterson v. West Am. Ins. Co.*, 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct. App. 1999) (citing Rule 56(c), SCRCP). Given the Department of Pesticide Regulation official's open acknowledgment that the department does not know what Respondent did or did not do with respect to this property; the lack of any records from Respondent's warranty period; the lack of evidence from Rankin connecting any work by Respondent to any damages; and the lack of evidence from Rankin directly contradicting the affidavit from Respondent's termite expert, who opined there is no evidence to conclude Respondent's performance during its warranty was deficient and that the termite infestation and damage likely occurred during the six plus years of nontreatment after Respondent's warranty ended, we find Rankin failed to raise a genuine evidentiary dispute as to negligence. Thus, summary judgment was proper. *See John Deere Constr. & Forestry Co. v. N. Edisto Logging, Inc.*, 443 S.C. 424, 435, 904 S.E.2d 889, 895 (Ct. App. 2024) (stating, to properly refute a motion for summary judgment, the nonmoving party cannot "rest upon the mere allegations or

denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial") (quoting *Thompkins v. Festival Ctr. Grp. I*, 306 S.C. 193, 195–96, 410 S.E.2d 593, 594 (Ct. App. 1991))).

The same reasoning applies to Rankin's claim under the implied warranty of workmanship. Even if we agreed with Rankin that this warranty applied to Respondent, the absence of evidence regarding what Respondent did or did not do at the home necessitates summary judgment on the claim. *See id.* (stating, to properly refute a motion for summary judgment, the nonmoving party cannot "rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial") (quoting *Thompkins*, 306 S.C. at 195–96, 410 S.E.2d at 594).

Because this case is controlled by Rankin's failure to present a genuine dispute of material fact over her claims, we need not address any remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal). The circuit court's order of summary judgment is

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.