**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Natalie Zitek, individually, and on behalf of all others similarly situated, Plaintiff,

v.

D.R. Horton, Inc., Jane Doe #1-10; and, John Doe #1-50, Defendants,

D.R. Horton, Inc., Appellant,

v.

AJ Landscaping & Grading LLC, A/K/A AJ Landscaping & Grading, Inc; Allpro Textures, LCC; Alpha Omega Construction Group, Inc.; American Concrete and Precast, Inc., A/K/A ACP Concrete, Inc.; A&J Framing, Inc; Alpha E.M.C.; A-Z, Inc.; Atlanta Floor Designs Center; A Grade Above Others, LLC; Brand-Vaughan Lumber Co., Inc.; BKF Builders, Inc; Builders Designhouse, LLC; BMC East, LLC D/B/A Coleman Floor, LLC; Builders Firstsource Southeast Group, LLC, A/K/A Builders Firstsource, Inc; Bravo Carpenters, Inc.; Caryl Mechanics II, Inc.; Caryl Mechanicals, Inc.; Cannaday Siding and Gutter, Inc; Cortes Painting, LLC; CBU Enterprises, Inc.; CPI Security Systems, Inc.; Dom Group, LLC; Ferguson Enterprises, Inc.; Five Star Construction Inc.; Five Star Foundations, LLC; Galloway-Bell, Inc., A/K/A Galloway-Bell, Inc. II; BGET Floored, LLC; GBS Building Supply-Us LBM, LLC, A/K/A GBS Building Supply, Inc.; General Shale Brick Inc.; Greener Pastures, Inc. A/K/A Greener Pastures of Aiken, Inc; IBP Asset, LLC D/B/A Blue

Ridge Building Products; JLS Masonry, Inc.; Kings Landscaping, LLC; Landshapers, LLC; Lade-Danler, Inc.; Lansing Building Products, Inc.; Long Heating & Air Conditioning, Inc.; L&M Electric, Inc.; Manale Landscaping, LLC; MJ Cowboys, LLC; M&L General Construction, LLC A/K/A M&L General Construction, Inc.; M&L Reyna Construction, LLC; M&M Foundations, LLC; Nazareth Builders, LLC; NB Contractors, LLC; Poinsett Development, LLC; Poinsett Homes, LLC; P&T Construction, LLC; P&L Enterprises, LLC; Probuild Company A/K/A Probuild Holdings, Inc.; Rite Rug Co.; Rodney Howard Grading Co.; Sandlapper Concrete, LLC; Sodfather, Inc., Landscape Contractors; Stock Building Supply, LLC; Topbuild Home Services, Inc. A/K/A Gale Gale Contractors Service; Tucker Materials, Inc. A/K/A Gypsum; UTM Enterprises, Inc., Dupree Plumbing Company, Inc.; Willow Tree Landscaping, Inc., Third-Party Defendants,

Of which Builder Services Group F/K/A Masco Contractor Services Central Inc. F/K/A Gale Industries, Inc. D/B/A Gale Contractors Services and IBP Assets, LLC D/B/A Blue Ridge Building Products, are the Respondents.

Appellate Case No. 2023-001401

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-172
Heard February 3, 2026 – Filed April 8, 2026

———————

**AFFIRMED**

———————

Carl F. Muller, of Carl F. Muller, Attorney at Law, P.A.,

of Greenville; Jason Michael Imhoff, of Imhoff Law Firm, of Greenville; and John T. Crawford, Jr., and Kimila Lynn Wooten, both of Kenison, Dudley & Crawford, LLC, of Greenville, all for Appellant.

Timothy J. Newton and Everett Augustus Kendall, II, both of Murphy & Grantland, P.A., of Columbia, for Respondent IBP Assets, LLC.

Alicia Noel Bolyard, of Charleston, for Respondent Builder Services Group.

---

**PER CURIAM:**  This case stems from D.R. Horton, Inc.'s role as the general contractor for a residential development in Anderson County.  Hundreds of homeowners joined a class action against D.R. Horton alleging defective work on their houses.  D.R. Horton added dozens of subcontractors as third-party defendants to the suit alleging any defective work was their responsibility.  D.R. Horton sued the subcontractors for breach of contract, breach of warranties, negligence, and indemnification.

Respondents are two of those subcontractors/third-party defendants.  They sought summary judgment because they believed their work was not implicated in the suit.  They also argued that, even if D.R. Horton was entitled to contractual indemnification, the contractual indemnity provisions were unenforceable.  They argued D.R. Horton's other claims failed because those claims were just disguised claims for indemnity.

The homeowners eventually stipulated that Respondents' work was not implicated in the suit.  At that point, D.R. Horton conceded its claims for breach of warranties and negligence should be dismissed.  D.R. Horton contended, however, that its contractual claims (primarily for indemnity but also for breach of contract) remained viable.  The circuit court granted summary judgment to Respondents on all claims.  Those orders are the subject of this appeal.

In summary judgment cases, we apply the same standard as the circuit court under Rule 56(c), SCRCP.  *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002).  "Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*

D.R. Horton insists that it is not seeking indemnity.  Instead, D.R. Horton asserts it has a viable breach of contract claim based on Respondents' alleged failure to defend D.R. Horton in the class action, which D.R. Horton believes entitles it to reimbursement for its "defense costs and expenses."  We affirm the grants of summary judgment for three reasons.

First, this breach of contract claim was not in the complaint.  The breach of contract claim alleged that if the homeowners proved Respondents' work was defective, Respondents would have breached their agreements with D.R. Horton.  There is no reference to a duty for Respondents to provide D.R. Horton with an absolute defense to the homeowners' suit, and certainly no claim that Respondents were obligated to defend D.R. Horton even if Respondents did not perform defective work and were not liable to provide indemnity.  The complaint's only mention of "defend" is in the context of and together with the claim for indemnity.  D.R. Horton cannot seek relief that was not pled.  *See Gainey v. Gainey*, 279 S.C. 68, 70, 301 S.E.2d 763, 764 (1983) ("Normally, a party may not receive relief which was not requested in the pleadings.").

Second, even if this breach of contract claim had been pled, it would be redundant to and merge with the claim for indemnity.  D.R. Horton's third-party complaint stated: "To the extent that Plaintiff proves that the work was not performed correctly, Subcontractors materially breached the Agreements . . . ."  *See Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, 413 S.C. 630, 637, 776 S.E.2d 434, 438 (Ct. App. 2015) ("Under Marick's own allegations, its cross-claims arose only when it faced potential liability for Stoneledge's damages and incurred fees and costs defending against Stoneledge's lawsuit.  Marick's breach of contract and breach of warranty cross-claims are nothing more than claims for equitable indemnity."); *see also BEI-Beach, LLC v. Christman*, 440 S.C. 98, 107, 889 S.E.2d 601, 605 (Ct. App. 2023) ("Like the general contractor in the *Stoneledge* cases, Lend Lease has not shown it suffered independent damages as a result of Antunovich's alleged negligence.  Rather, Lend Lease[] . . . seek[s] damages arising exclusively from Lend Lease's need to defend itself against a potential judgment in BEI's Market Common litigation, for which Lend Lease also seeks indemnity.  Thus, in granting partial summary judgment, the circuit court properly held Lend Lease's negligence claims are not independent of its indemnity claim.").  D.R. Horton seeks to recover the costs of defending the homeowners' suit, including attorney's fees.  These are the same damages available in an indemnity claim.  *McCoy v. Greenwave Enters., Inc.*, 408 S.C. 355, 359–60, 759 S.E.2d 136, 138 (2014).

Third and finally, D.R. Horton presented no evidence of damages.  D.R. Horton's generic allegation that it defended Respondents' work and incurred defense costs and expenses in doing so is not sufficient to withstand summary judgment.  *See John Deere Constr. & Forestry Co. v. N. Edisto Logging, Inc.*, 443 S.C. 424, 435, 904 S.E.2d 889, 895 (Ct. App. 2024) (stating, to withstand summary judgment, a nonmoving party cannot "rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial" (quoting *Thompkins v. Festival Ctr. Grp. I*, 306 S.C. 193, 195–96, 410 S.E.2d 593, 594 (Ct. App. 1991))).  Though it is obvious that D.R. Horton incurred costs and expenses in defending the suit, the record does not show that there was any effort to identify—and that it would even be possible to identify—what costs and expenses could rationally be attributed to defending Respondents' work.  To the extent D.R. Horton argues it can seek indemnity even if it did not incur fees and costs related to Respondents' work, we are not aware of any authority allowing that sort of claim.

Each of these reasons is dispositive; therefore, we need not address any remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for appellate courts to address remaining issues when the resolution of a prior issue is dispositive).  This reasoning resolves the appeal without reference to Respondents' joint sur-reply brief.  We accordingly deny the motion to strike that brief as moot.

**AFFIRMED.**

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**